## WALKER v. STEEL.

1. A partner who, upon dissolution of the firm, has become the owner of a partnership account may sue thereon in his own name under the code.
2. Under section 379 of the code all objections to the manner of certifying and returning a deposition are waived unless presented before the trial.

*Appeal from County Court of Gunnison County.*

Mr. W. H. FISHBACK, for appellant.

Messrs. THOMAS and THOMAS, for appellee.

HELM, J.   1. There was, in this case, no defect of parties plaintiff.   The partnership had, in fact, been dissolved several months when the suit was brought; and plaintiff, through the settlement between himself and copartner, and his purchase of the partnership property, had become the exclusive owner of the account sued on. He was therefore the only party really interested in collecting the balance due.   Hence, under section 3 of the Code of Civil Procedure, the action was properly brought in his name alone.   *Bassett v. Inman*, 7 Colo. 270.   The common law principle that an action for a partnership debt, whether instituted before or after dissolution of the firm, must be prosecuted in the name of all the partners, does not, under the present practice, and the facts disclosed, apply to this case.

2. The deposition of Coslett was properly admitted in evidence.   Defendant's principal objections relate to the manner of certifying and returning the same.   It was his duty to have had all such questions disposed of before the trial.   Code Civil Proc. § 379.   Having failed to call the court's attention thereto till the deposition was offered, he must be held to have waived irregularities in these respects, if any existed.

3. It is not necessary for us to determine whether or not a proper foundation was laid for the admission of the books of original entry.   The cause was tried to the court without the intervention of a jury.   The bill of exceptions shows affirmatively that "said books, nor any of them, were not opened or read in evidence in said cause, nor examined by the court."   We are therefore informed by the record itself that the findings of the court were not based upon evidence of the account afforded by the books, and we are of opinion that, without the books, the proofs sufficiently support the judgment.

Plaintiff testifies that he had frequently sent defendant statements of his account, and often had conversations with him regarding his bill; that defendant never denied nor disputed the bill, but frequently said he would pay it as soon as he could raise the money; that he even promised to borrow money on his property, and pay the same. Defendant does not deny the rendering of these statements of account, nor his promises to pay the balance due as shown thereby. He testifies that he handed them to his attorney to be examined, and that his attorney did not report anything wrong with them. He made no effort at the trial to prove that any item was erroneously charged, and did not deny the correctness of the balance claimed. The nearest he came to a denial in this regard was the declaration of his ignorance as to whether or not the books showed any remaining indebtedness upon his part.

Under the foregoing facts we think the court was justified in finding for the plaintiff, and in giving judgment accordingly.            *Affirmed.*