## ROBBINS ET AL. V. BUTLER.

1. CONSTRUCTION OF CIVIL CODE — ITEMIZED STATEMENT OF ACCOUNT. Section 67 of the Civil Code, which provides that in suit upon an account, when not set out in the complaint, an itemized statement thereof shall be furnished within five days after demand therefor. is directory as to time. And it is sufficiently complied with when the trial court, exercising a reasonable · discretion, finds that the account delivered is reasonably specific, that a satisfactory excuse is given for not furnishing it within the statutory period, and that defendant had ample time, after receiving it, to prepare for trial.

2. MOTIONS FOR NEW TRIAL — EXCEPTIONS. — Prior to the code amendments of 1887 it was necessary to duly save an exception to rulings upon motions for a new trial; interposing the proper objection was not alone sufficient.

*Appeal from District Court of Arapahoe County.*

HUGH BUTLER, who was plaintiff below, brought this action to recover reasonable attorney's fees for services rendered appellants, who were defendants below. The complaint contained a general allegation as to the suits prosecuted and defended, and other professional labor performed. Defendants' answer, after denying the averments of the complaint, sets up, as separate and distinct defenses — *First*, that the services were reasonably worth but $500, which sum had been paid plaintiff, and received and accepted by him as full satisfaction; *second*, that after the rendition of the services mentioned plaintiff and defendants agreed as to the amount that should be paid, which amount was $500, and was paid and received as full satisfaction. Plaintiff replied to these defenses. Defendants also made demand under section 67, Code of Civil Procedure of 1883, for an itemized statement of plaintiff's account. This statement was furnished, but not within five days from the date of demand therefor.

A motion was made before trial for an order precluding plaintiff from offering evidence to prove the account. This motion was denied. At the trial the same objec-

tion was taken when evidence was offered, but it was again overruled. Plaintiff recovered a judgment for $1,000, from which the present appeal was taken.

Section 67, above mentioned, reads: "It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged; but he shall deliver to the adverse party, within five days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court, or judge thereof, may order a further account when the one delivered is too general, or is defective in any particular."

Mr. OSCAR REUTER, for appellants.

Mr. A. B. McKINLEY and Mr. T. D. W. YONLEY, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

Appellants' objection, resting upon the sufficiency of the pleadings, must be overruled. In the *first* place, it nowhere appears in the record that they reserved any exception to the ruling of the court in denying their motion for judgment upon the pleadings. At the time this cause was tried, in order to secure a review by this court, it was not only necessary that objection be made, but also that exception be duly saved. But *secondly*, if we assume that the exception in question was taken, and proceed to consider the sufficiency of the pleadings, counsel's challenge must still be denied. Upon the most liberal interpretation the answer contains but two new defenses, and these defenses were sufficiently traversed by the replication. These traverses constitute separate paragraphs in the latter plea. The statute did not require that they should be numbered, or that each should in words specify the particular defense to which it related.

Nor is the remaining objection of appellants well

taken. From the record before us we are bound to as-
sume that the itemized statement of account furnished
defendants in response to their demand was sufficiently
specific; also, that it was received by them within ample
time before the trial to make preparation looking to its
disproval. The order denying the motion to preclude
evidence by plaintiff in support of his claim contains the
following language: "It appears to the court that a suf-
ficient copy of the account, or bill of particulars, or mat-
ters alleged in the complaint, has been served upon the
said defendants in time to enable them to prepare for
trial of this cause according to the assignment thereof,
and that a reasonable excuse has been shown for not
complying with the demand within the five days pro-
vided by statute." There is nothing in the record that
conflicts in the least with the conclusions thus announced.
Moreover, the record does not disclose even a claim by
defendants that they were in any way injured by the de-
lay in responding to their demand.

The sole question presented in this connection, there-
fore, is, did the failure of plaintiff to furnish an itemized
statement till after the expiration of five days from the
date of demand therefor deprive the court of discretion,
and absolutely inhibit the reception of evidence to estab-
lish the cause of action?

Different minor tests have been adopted by courts in
the attempt to formulate general rules by which to de-
termine whether statutes are mandatory or directory.
That certain statutory provisions were intended to be di-
rectory merely, and should be so held, is unquestionable;
but too much caution cannot be exercised by courts in
distinguishing between the essential and the non-essen-
tial. The danger is that things deemed essential by the
legislative mind will not appear so to the judicial mind,
or *vice versa*, and that thus the legislative will may be
defeated. An indiscriminate application of any one of
the minor recognized tests, where the strict letter of the

statute might seem to warrant it, would in many cases
be grossly erroneous.   For instance, the rule that where
an act is to be performed within a given time, and a
penalty is provided for its non-performance, the statute
is mandatory, may be qualified by other language or cir-
cumstances showing clearly that *time* is not of the es-
sence of the provision, and that in this respect it is
directory.   This we conceive to be the correct view of
the statute under consideration, and a proper qualifica-
tion of the above rule, which is relied upon by counsel
for appellants.

It will be observed that the bill of particulars is to be
furnished within a specified number of days *after de-
mand*, not within a designated period before trial.   It
may be received one day or six months prior to the trial
of the cause, but, if delivered within five days after de-
mand, the strict letter of the statute is complied with.
As we shall presently see, amendments of defective state-
ments are provided for by the statute itself.   To hold that
a statement of account so imperfect as to practically give
no information may be amended by leave of court on the
day of trial, but that the court is absolutely without dis-
cretion to permit proof in support of a full and satisfac-
tory statement delivered months before trial, merely be-
cause it was received on the sixth instead of the fifth day
after demand, is an absurdity to be avoided, if legally
possible.

The fundamental rule of interpretation, in our judg-
ment, furnishes an avenue of escape.   We think a proper
regard for the legislative design forbids such a construc-
tion of the statute as will bring this incongruity within
its purview.   *First*, the intent of the legislature to give
courts a large discretionary power in dealing with plead-
ings and procedure generally is evidenced by the repeated
code provision commanding a liberal construction in the
interest of justice.   And the further intention to invest
courts with some discretion and authority in connection

with the particular subject under consideration, which pertains to the department of pleading, is expressly shown by the last clause of said section 67: "The court, or judge thereof, may order a further account when the one delivered is too general, or is defective in any particular." And *second*, the necessity for inserting an itemized statement or bill of particulars in the complaint is dispensed with; but, to shield defendant from harm through the resulting disadvantage, plaintiff is required to furnish such a statement, reasonably sufficient to apprise him of the specific items constituting the claim, so that he may not be surprised, and may arrange his defense fully thereto. But no possible injury can result to defendant if the statement be delivered on the sixth or seventh day after demand, provided ample time remains to prepare for trial. The period prescribed within which this statement shall be delivered is therefore not of the substance or essence of the provision. We cannot doubt but that the legislative intent is fairly complied with if the delivery take place so as to leave defendant sufficient time for preparation. In our judgment the spirit of the provision is not violated by the admission of evidence when the court, exercising a reasonable discretion, finds, as in the present case, that the account delivered is sufficiently specific; that defendant has had ample time to prepare for trial; and that a satisfactory excuse is given for not delivering the account within five days after demand.

The judgment of the court below is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having presided at the trial below, did not participate in this decision.