## FRYER V. BREEZE ET AL.

1. BILL OF PARTICULARS NOT PART OF RECORD PROPER.— A bill of particulars is not a part of the record proper. This court cannot take notice that a paper certified in the transcript as a bill of particulars was the bill in controversy at the trial, nor that some other or further bill was not furnished in due time. Such matters cannot be effectually reviewed on error unless they are definitely preserved by bill of exceptions together with the rulings of the trial court thereon.

2. COPARTNERSHIP A FACT TO BE PLEADED.— Correct pleading requires that parties intending to sue as partners should allege the fact of their copartnership in the body of the pleading. But the general rule is that a failure so to do should be taken advantage of, if at all, in apt time and before final judgment.

3. ERROR WITHOUT PREJUDICE NOT GROUND FOR REVERSAL.— A mere technical variance between the pleadings and proofs, not noticed at the trial, which does not prejudice the opposite party, will not be considered in the appellate court for the first time as a ground for reversal.

*Error to District Court of Garfield County.*

DEFENDANTS in error, plaintiffs below, brought this action, alleging in their complaint that defendant was indebted to them on an account in the sum of $1,000 for services as the attorneys of defendant, rendered at his instance and request and upon his retainer, between the 1st day of February, A. D. 1883, and the 1st day of June, A. D. 1884, in prosecuting and defending suits, drawing and preparing instruments in writing, taking depositions, preparing motions and notices and serving the same, and advising defendant in and about his business, and at his request, which services so rendered were and are reasonably worth the said sum of $1,000. That defendant has not paid the same except the sum of $106.80.

The defendant answered to the effect that the payment of the sum of $106.80 was payment in full for plaintiffs' services, and that he was not indebted to the plaintiffs, or either of them, in any further sum. The cause was tried by jury. Verdict and judgment were rendered in favor of plaintiffs for the sum of $777.66. The defendant below brings the case to this court by writ of error.

Mr. M. B. CARPENTER, for plaintiff in error.

Mr. H. B. JOHNSON, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

It is assigned for error that the court erred " in permitting testimony of plaintiff to be given upon any account, as the bill of particulars was not filed within the time required by law, and amounted to nothing as a bill of particulars." A single extract from the bill of exceptions is relied on as the basis for this assignment. One of the plaintiffs being examined as a witness, plaintiffs' counsel, Mr. Bartley, asked him: " What, if any, services did you perform for Mr. Fryer in the month of February, 1883? Objected to by Mr. Ashton, attorney for defendant, for the reason that

they have not complied with the notice served upon them to furnish an itemized statement of the things done, the dates when done, and the cases in which the services were rendered. Mr. Bartley replies: An itemized statement and an amended statement was served on October 13, 1885. Objection overruled. Exception taken."

It is scarcely necessary to say that the question, objection, ruling and exception thus preserved do not sustain the assignment. The record does not affirmatively show that any bill of particulars had been demanded of plaintiffs in pursuance of section 63 of the code. But conceding that such demand was duly made, it does not appear whether plaintiffs failed to furnish any copy of the account at all, or whether defendant intended to question the sufficiency of the one alleged to have been furnished. A bill of particulars is not a part of the record proper. This court cannot take notice that the paper certified in the transcript as a bill of particulars was the bill in controversy between the attorneys at the trial; nor does it appear that some other or further bill of particulars was not furnished in due time before the trial. Such matters cannot be effectually reviewed on error unless they are definitely preserved by bill of exceptions, together with the rulings of the trial court thereon. *Cook v. Hughes*, 1 Colo. 51; *Freas v. Truitt*, 2 Colo. 495; *Robbins v. Butler*, 13 Colo. 496; *Rutter v. Shumway, ante*, 95.

It is further assigned for error that: "The evidence, verdict and judgment are given plaintiffs as partners, and there is no allegation of partnership in the complaint." The names of the parties as specified in the title to this action are as follows: "John M. Breeze and Lemuel L. Breeze, partners doing business under firm name of Breeze & Breeze, plaintiffs, v. James Fryer, defendant." The words "partners doing business under firm name of Breeze & Breeze" in this title are, in legal effect, regarded as *descriptio personarum*, and not as indicating that plaintiffs sue as partners. 2 Wait's Practice, 373. Strictly speaking,

therefore, the parties did not sue as copartners, but as joint plaintiffs. The summons followed the complaint as to the names and capacity in which plaintiffs sued; no question was raised by demurrer or answer as to such names or capacity; the verdict and judgment correspond to the complaint and summons, indicating the plaintiffs as joint plaintiffs and not as copartners; so there was not even a technical variance in the record proper.

Correct pleading undoubtedly requires that parties intending to sue as partners should allege the fact of their copartnership in the body of the pleading. But the general rule is that a failure so to do should be taken advantage of, if at all, in apt time and before final judgment. No objection to the supposed defect in this case was interposed in the court below at any stage of the proceeding; and no attempt is now made to show that defendant has been or can in any way be prejudiced by the omission of such averment. The complaint is unquestionably sufficient in substance. The objection now sought to be raised by the assignment of error is at most a mere technical variance between the pleadings and proofs not noticed at the trial. Under the circumstances, it would be manifestly unjust and contrary to established practice to allow such question to be raised in this court for the first time. If the objection had been made at the trial, the plaintiffs would have been entitled to amend the complaint to conform to the proofs. 3 Chitty's Gen. Practice, 480, 923; Code of Civil Procedure, sec. 78; Bliss on Code Pleadings, sec. 435 *et seq.*; *Wall v. Toomey*, 52 Conn. 38.

This disposes of the assignments of error so far as the same have been presented by counsel for plaintiff in error in their brief and argument. It is not incumbent upon the court to go farther. The judgment of the district court is affirmed.

*Affirmed.*