[No. 1600.]
## BINGEL ET. AL. v. BROWN ET AL.

1. PARTNERSHIP—ASSIGNMENT OF INTEREST IN PARTNERSHIP CLAIM—
   PARTIES.

One partner cannot assign his interest in a claim due the partnership
   so as to divest the firm of the title to the whole, and the assignee
   in such case is not a necessary party to an action upon such claim,
   but the action should be prosecuted in the name of the partnership.

2. PRACTICE—NONSUIT—APPEAL.

Where a plaintiff was nonsuited on the ground of defect of parties, and
   asked and obtained the setting aside of the judgment of nonsuit
   for the purpose of amending by conforming to the ruling of the
   court, and afterwards concluded to stand by the original complaint
   and requested the court to rescind all orders subsequent to the
   judgment of nonsuit, thus permitting the judgment to stand, it was
   not such voluntary nonsuit as would preclude the plaintiff from
   appealing therefrom.

*Error to the District Court of Weld County.*

Mr. JAMES E. GARRIGUES, for plaintiffs in error.

Mr. HARVEY RIDDELL, Mr. R. D. THOMPSON, and Mr.
CHAS. D. TODD, for defendant in error, W. G. Brown.

WILSON, J.

Plaintiffs were copartners as ditch contractors, doing busi-
ness under the firm name and style of Bingel & Hill.   As
such, under a verbal contract, they constructed a ditch for
the Western Drainage & Supply Company, a corporation,
and claim that there is a balance due them on account of
said work of about $1,400.   To recover this sum, suit is
brought against the defendants, directors in said corporation,
to enforce a personal liability alleged to have been incurred
by reason of a failure to make the annual report required by
the statute.   During the trial, plaintiffs offered in evidence
a statement of mechanic's lien filed by them upon the prop-

erty of the corporation to secure this indebtedness, and also a copy of the complaint in a suit instituted to foreclose this mechanic's lien. The latter was sworn to by plaintiff Bingel, and in it was an allegation that plaintiff Hill had sold and assigned his interest in said claim and lien to one David Snyder. Upon the presentation of this, defendants moved the court for a nonsuit, on the ground that it appearing from plaintiffs' own evidence that Snyder was the owner of Hill's interest, he was a necessary party to the suit, and that it was not being prosecuted in the name of the real parties in interest. This motion was sustained, and judgment of nonsuit entered. Thereupon, on the request of plaintiffs, the judgment of nonsuit was set aside, and plaintiffs were given leave to amend within a certain time, by making Snyder a party. Within the time limited, the plaintiffs appeared, declined to amend, and asked the court to vacate the orders made subsequent to the judgment of nonsuit, so as to restore them to their situation at that time, they electing to stand upon the action of the court in granting a nonsuit. This was done, and from this judgment plaintiffs appeal.

The only question presented is, was Snyder a necessary party to this suit? We are not concerned with what the rule may be as to suits for the recovery of partnership assets, where one partner has sold his entire interest in the copartnership with the consent of his partner, and the assignee has been accepted or admitted into the partnership. This is not such a case. In this instance, the partner seems to have sold or attempted to sell and assign his interest in only one obligation claimed to be due to the partnership. In such case, the rule seems upon principle and authority to be quite well settled adversely to the contention of the defendants. The assignee is not a necessary party. The effects and property of a copartnership belong to the firm, and not to the individuals, and one partner cannot assign his interest in a single asset or obligation due to the firm, so as to divest the firm of its title to the whole. The assignment in such case simply in effect makes the assignee a creditor of the firm, to the ex-

tent realized from the undivided interest attempted to be assigned, after the settlement or winding-up of the affairs of the copartnership, and the payment of the firm debts. Mr. Bliss in his work on Code Pleading, § 65c, thus aptly states the doctrine: "While a partner may assign his interest in a firm, or it may be transferred *in invitam*, I cannot see how he can transfer his interest in any particular obligation held by the firm. He has a joint interest, and for himself, and as agent for his copartners, may assign in the firm name any one contract held by it, but he holds no personal interest except as partner; he holds it, or its proceeds if sold, subject to the claims of the partnership creditors and of his copartners; his personal interest is only in the partnership fund, not in any particular chose in action, and his assignee takes nothing by the assignment, at least unless the thing, the interest in which has been assigned, can on final settlement be so severed from the common stock as to be held by a tenancy in common."

Upon the principle here enunciated is founded the rule, well supported by authority, that all suits for breach of contract made with a copartnership should be prosecuted in the name, and in that alone, of the partners at the time when the contract sued on was made. Maxwell on Code Pleading, pp. 28, 34; Dicey on Parties to Actions, p. 151. This rule holds good even in case of a retired partner. Dicey, *supra*, p. 153.

In *Davis v. Megroz*, 55 N. J. Law, 431, it is said, "Suits for the recovery of partnership property and for the collection of its choses in action must be prosecuted in the firm name, and suits by its creditors for the collection of debts due by the firm must be brought against the partners in their individual names as partners. It is a general rule that actions by and against the firm continue to be what they would have been before the dissolution. The names of all the partners must be used in an action brought for a debt due to the firm, and if a debt owed by the firm is sued for, all the partners may be and must be made defendants, un-

less by the articles of dissolution, the omitted partners are expressly discharged from the firm debts."

In Parsons on Partnership, § 235, the author says: "It must be the general rule that all those who were partners at the time a debt was contracted, are those to whom it is due, and they should join in all action to recover the debt. * * * Thus by no assignment of a debt due to a partnership by one of the partners, can he acquire the right to sue it in his own name. * * * Persons who leave the firm and cease to be partners may transfer the debt so as to retain no interest in it, but still their names should be used."

Upon principle, this doctrine would seem to have been settled by adjudications of the supreme court of our own state. *Metzler v. James,* 12 Colo. 336; *Smith et al. v. Atkinson,* 18 Colo. 255. In the latter case, it was held that where there has been an assignment of part of an entire claim, the assignee had no right of action thereon in his own name, and that a suit could only be maintained in the name of the original parties. The correct test of when a party is a necessary one, and when a defendant could raise the objection of a defect of parties, is where it appears that some other person than the plaintiff has such a legal interest in the obligation sued upon that a recovery by the plaintiff would not preclude its being enforced by such other party, and the defendant be thereby subjected to the risk of another suit upon the same subject-matter. Tried by this rule, Snyder was not a necessary party. Under all of the authorities, it was necessary that a suit for the collection of this partnership debt should be prosecuted in the name of the copartnership, whatever the contingent interest of Snyder might be in the sum finally realized, and hence a judgment in favor of plaintiffs could have been successfully pleaded in bar of any suit which Snyder might institute on the same cause of action. For additional authority in support of these views, see *Leese v. Sherwood,* 21 Cal. 164, *Manderfield v. Field,* 7 New Mex. 22, *Reyburn v. Mitchell,*

106 Mo. 374, and Pomeroy, Remedies and Remedial Rights, § 137.

We are of opinion, therefore, that the court erred in entering a judgment of nonsuit.

It is insisted, however, in behalf of the defendant, that the plaintiffs suffered a voluntary nonsuit, and that they are precluded therefore from obtaining any relief in the appellate court. We do not think that the facts sustain such contention. Plaintiffs strenuously resisted a nonsuit. It is true that the judgment was set aside at their request, with the expectation and view of amending their complaint so as to conform to the rulings of the court, and that afterwards, concluding not to amend, they requested the court to rescind all orders made subsequent to the entry of the judgment of nonsuit, thus permitting the judgment to stand. This was clearly done, however, simply for the purpose of restoring the *status quo*, and permitting them to test in an appellate court the validity of a judgment which was final. We cannot see how by this action they can be said either to have invited or consented to a nonsuit. They merely elected to stand upon the case as presented when the nonsuit was granted, and this was their privilege, without prejudice to their right to have the case reviewed in a higher court.

For these reasons, the judgment will be reversed, and the cause remanded for a new trial in accordance with the views here expressed.

*Reversed.*