## No. 12,033.

AGATE IRRIGATION AND LAND COMPANY *v.* SIGMAN, ET AL.

Decided March 26, 1928.

Action for money had and received. Judgment for plaintiffs.

## *Reversed.*

### *On Application for Supersedeas.*

1. PARTIES—*Partnership.* In an action by members of a copartnership for money had and received, the contention of defendant that one of the partners, who had assigned his interest in the claim to his copartners, was a necessary party plaintiff, overruled.

2. *Plaintiffs.* Where a *sheep* company entered into a contract with defendant for the purchase of grain advancing in payment thereof drafts drawn upon a *livestock* company, the latter, not being a party to the contract, would not have the right to sue, either upon the contract or for money had and received, from the mere fact that it had furnished the purchase money.

3. ACTIONS—*Partnerships.* Members of a copartnership may as individuals recover on a partnership claim if by proper proof they establish their joint ownership and right to recover. In the instant case, the proof is held insufficient.

4. ASSIGNMENT—*Proof.* Proof of assignment of a chose in action must be of such a clear and satisfactory character as to protect the defendant from another action by the alleged assignor.

*Error to the County Court of the City and County of Denver, Hon. G. A. Luxford, Judge.*

Mr. E. CLIFFORD HEALD, for plaintiff in error.

Mr. CHARLES ROSENBAUM, for defendants in error.

*Department One.*

MR. JUSTICE WALKER delivered the opinion of the court.

WE shall refer to plaintiff in error as defendant, defendants in error as plaintiffs, that being the positions which they occupied in the court below. The action was begun in the justice court, where judgment was for the plaintiffs, as it was also in the county court upon appeal, from which latter judgment defendant prosecutes this writ of error and asks that it be made a supersedeas.

The evidence shows that November 18, 1925, three written contracts were entered into between the defendant and a concern designated in and signing the contracts as The Sigman Sheep Company. By the terms of the contracts the defendant agreed to sell and deliver to The Sigman Sheep Company certain grain at a stipulated price, upon which The Sigman Sheep Company made advance payments of $560, receipt of which payments was acknowledged in the contracts. The defendant delivered only a part of the grain which it had agreed to furnish, and this action was brought in 1927 to recover $300 of the advance payments for which no grain was delivered. The advance payments were made to the defendant by means of drafts drawn upon and paid by a concern known as The Sigman Livestock Company. The evidence showed that The Sigman Livestock Company originally consisted of Sam Sigman, L. K. Sigman, and Morris Sigman. Morris Sigman withdrew from that company some time in 1925. The evidence as to the composition of The Sigman Sheep Company will be hereinafter stated. At the trial in the county court the defendant proved that on the day of the trial in the justice court an assignment was made upon the backs of the written contracts, from The Sigman Sheep Company, by one of the plaintiffs, to The Sigman Livestock Company, and that such assignment had been introduced in evidence by the plaintiffs in the trial before the justice.

The defenses interposed in the county court were two only: That the cause of action belonged to The Sigman Sheep Company and had by it been assigned after the institution of the action and in disregard of the provi-

sion of the justice court statute forbidding the maintenance of suits upon claims assigned pendente lite; and that in any event, Morris Sigman was a necessary party plaintiff. The second of these defenses, which upon a new trial might be urged also against the recovery by the plaintiffs claiming as The Sigman Sheep Company, is not good. Defendant cites *Bingel v. Brown,* 15 Colo. App. 241, 61 Pac. 435, in which case the opinion contains the following quotation from Parsons on Partnership: "Persons who leave the firm and cease to be partners may transfer the debt so as to retain no interest in it, but still their names should be used."

In that case, however, the assignment was made by one partner, not to the remaining partners upon his withdrawal, but to an outsider while the partnership continued, and it was held that the assignee was not a necessary plaintiff. But in *Walker v. Steel,* 9 Colo. 388, 12 Pac. 423, where the action was brought by one of the partners to whom the other had assigned upon dissolution of the firm, the court said: "The common law principle that an action for a partnership debt, whether instituted before or after dissolution of the firm, must be prosecuted in the name of all the partners, does not, under the present practice, and the facts disclosed, apply to this case."

However, we are unable to escape the conclusion that the proof appearing in the record before us did not entitle the plaintiffs to judgment. Their counsel in his brief says that the sole basis of their claim is that The Sigman Livestock Company paid to the defendant $300 in consideration of the delivery of the grain to The Sigman Sheep Company, and that the defendant having failed to deliver the grain, the livestock company is entitled to the return of its money. But the contracts were not made with the livestock company. The only connection of that company with the transaction was that from it came the money with which The Sigman Sheep Company made its advance payments. This fact alone would not

be sufficient to give the livestock company any right to sue either upon the contract or for money had and received, upon the failure of the defendant to perform the contract. *Stephani v. Lent,* 63 N. Y. S. 471.

· But the plaintiffs might recover in this action although the cause of action did not belong to them as The Sigman Livestock Company. The individuals were the legal persons before the court as plaintiffs, the addition to their names in the summons being merely descriptio personae. *Fryer v. Breeze,* 16 Colo. 323, 26 Pac. 817. The plaintiffs were therefore entitled to establish by the evidence any claim against the defendant which belonged to plaintiffs jointly. Proof that The Sigman Sheep Company, when it contracted with the defendant, was a partnership composed of plaintiffs, or of plaintiffs and others to whose rights under the contract the plaintiffs had succeeded by assignment made before the action was commenced, would sustain a recovery. But the only testimony upon that point is the following, given by the plaintiff Sam Sigman after the court had permitted the plaintiffs to reopen their case: ''Q. When Morris withdrew from The Sigman Livestock Company and The Sigman Sheep Company, were all the interests assigned to you and your father as surviving partners? A. Yes sir. Q. Are you and he the owners of all interests in both companies? A. Yes sir.''

This evidence is not sufficient to show who the constituent members of the sheep company were when this cause of action accrued, nor is it of that clear and satisfactory character required to establish an assignment such as would protect the defendant from another action by the alleged assignor. *Saxl v. Kinkade,* 125 N. Y. S. 442; *Gustafson v. Stockton etc., R. R. Co.,* 132 Cal. 619, 64 Pac. 995; 5 C. J. p. 1017, § 254, and p. 1019, § 260.

For these reasons the judgment must be reversed and the cause remanded for new trial.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BURKE, and MR. JUSTICE WHITFORD, concur.