No. 19,114.

NATIONAL ADVERTISING COMPANY *v.* HUGH SAYERS, ET AL.,
AS SAYERS MOTOR COMPANY.

(356 P. [2d] 483)

Decided October 31, 1960. Rehearing denied November 21, 1960.

Mr. CHARLES S. VIGIL, for plaintiff in error.

Mr. CARMEL A. GARLUTZO, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

IN the trial court plaintiff in error was plaintiff and defendant in error was defendant. We shall refer to the parties as they there appeared.

Plaintiff's demand, according to the amended complaint, was for $374.40 for alleged "services rendered to the defendants."

By answer defendants entered a general denial. At the conclusion of plaintiff's case the trial court dismissed the action, and plaintiff brings the case here on writ of error.

From the record it appears that in 1948 defendants entered into a written contract with Empire Advertising Company, Inc., for the erection and maintenance of certain advertising signs. Payment was to be made in installments. The written contract with the Empire Company was introduced in evidence by plaintiff, but no competent evidence of an assignment of the contract or claim to the plaintiff, if such be the case, was produced.

 Rule 17 (a) R.C.P. Colo. provides that every action shall be prosecuted in the name of the real party in interest. Here the only fact plaintiff attempted to prove was that a contract existed between Empire and defendants.

 In oral argument counsel for plaintiff stated that all the stock of Empire had been acquired by plaintiff. There is no evidence of this in the record. Furthermore the ownership of the stock of Empire by plaintiff does not constitute an assignment of its rights against defendant. The burden of proving an assignment is upon him who claims thereunder. *Agate Co. v. Sigman,* 83 Colo. 464, 266 Pac. 209; 4 Am. Jur. §128, p. 331, 6 C.J.S. §143, p. 1204. This is Hornbook law.

Plaintiff's counsel also urges that defendants are estopped "from alleging any new facts." No estoppel was pleaded, and certainly no new facts were elicited or attempted to be proved by defendants. It was plaintiff's evidence which unequivocally established that no assignment of the claim was ever made, and had recovery been had against defendant in the present action, Empire would not be barred from later bringing an action on the

358

written contract, for so far as appears here it had never parted with its claim against defendants.

The judgment is affirmed.

Mr. Justice Moore and Mr. Justice Doyle concur.