ALPINE ASSOCIATES, INC., d/b/a Alpine Supply Company, a Utah corporation, Plaintiff–Appellant,

and

Mike Ellsworth, Plaintiff,

v.

KP & R, INC., d/b/a Royal Supply Company, Inc., a Colorado corporation, and Stephen F. Clark, Defendants–Appellees.

No. 89CA0412.

Colorado Court of Appeals, Div. III.

April 19, 1990.

As Modified on Denial of Rehearing June 14, 1990.

Certiorari Denied Jan. 7, 1991.

Bradley, Campbell, Carney & Madsen, P.C., K. Preston Oade, Jr., Golden, for plaintiffs-appellant.

Robert Caddes, Denver, for defendant-appellee KP & R, Inc.

Stephen F. Clark, pro se.

Opinion by Judge TURSI.

Plaintiff, Alpine Associates, Inc., (Alpine Corporation) appeals the trial court's entry of judgment for defendants, KP & R, Inc. (Royal Supply) and Stephen F. Clark, notwithstanding jury verdicts in Alpine Corporation's favor. Plaintiff also appeals an earlier order awarding attorney fees to defendants. We affirm.

In January 1986, "Alpine Associates, Inc., d/b/a Alpine Supply Company, a Utah Corporation," (Alpine Supply) filed a complaint against the defendants based on transactions occurring in 1985. On February 10, 1987, following defendants' motions to dismiss this complaint and the discovery that Alpine Supply was not organized under Utah law, but instead under Nevada law, Alpine Associates, Inc., (Alpine Corporation) was incorporated under the laws of Utah.

On March 12, 1987, the trial court granted the defendants' motions to dismiss on the ground that Alpine Supply was neither a *de jure* or *de facto* corporation and was not a real party in interest. This order was not appealed. Rather, on September 30, 1987, an "amended complaint" was filed against the defendants changing the "d/b/a" portion of the designated plaintiff to "Alpine Supply, Inc." and adding as a plaintiff, Mike Ellsworth, the alleged owner of Alpine Corporation.

The defendants, again, raised the plaintiffs' lack of real party in interest status in their answers, motions to dismiss, motions in limine, and motions for direct verdict. Pursuant to the latter motion, the trial court dismissed Ellsworth from the action. Error, if any, in the dismissal of Ellsworth has not been argued in this appeal.

On December 16, 1988, jury verdicts were rendered in favor of Alpine Corporation on its claims against Clark for fraud and breach of contract and against Royal Supply for unjust enrichment. The trial court ordered judgment to be entered on this verdict.

On December 21, 1988, defendants moved for judgment notwithstanding the verdicts on the grounds that Alpine Corporation was not the real party in interest and did not have standing to bring the action. They argued the record established, both at the time causes of action arose and when this suit was filed, that the original contracting entity, Alpine Supply, was neither a *de jure* nor *de facto* corporation. Its corporate charter, executed in Nevada and dated 1959, had long since lapsed and the State of Nevada had "no record of the Corporation." The record, they contended, established that Alpine Corporation was not in existence until it incorporated on February 10, 1987, well after the causes of action arose and this action was filed.

On January 6, 1989, plaintiff filed a reply brief in response to defendants' motions for judgment notwithstanding the verdicts. In support of its reply, Alpine Corporation proffered, for the first time, assignments of interests dated January 5, 1989, from Alpine Supply to Alpine Corporation.

The trial court refused to consider plaintiff's assignments and granted defendants' motions for judgment notwithstanding the verdicts on the grounds that Alpine Corporation was not the real party in interest, that the evidence did not support an award against Royal Supply for unjust enrichment, and that the evidence of damages was insufficient to sustain the awards.

## I.

Plaintiff argues that, by virtue of the assignment of interests, Alpine Corporation was the real party in interest under C.R.C.P. 17(a) and that the trial court erred in disregarding the assignments and ordering judgment notwithstanding the verdicts. We disagree.

■ C.R.C.P. 17(a) requires that every action "be prosecuted in the name of the real party in interest." This requirement, when properly raised and objected to by a defendant, necessitates proof by the plaintiff, prior to resting its case, that it is "that party who, by virtue of substantive law, has the right to invoke the aid of the court in order to vindicate the legal interest in question." *Goodwin v. District Court*, 779 P.2d 837 (Colo.1989); *see also National Advertising Co. v. Sayers*, 144 Colo. 356, 356 P.2d 483 (1960).

If, as here, plaintiff's status as a real party in interest depends upon an assignment from the original real party in interest, it is necessary for the plaintiff to prove, in addition to the basic elements of its case, its status as an assignee. *See National Advertising Co. v. Sayers*, supra; *Stephens v. Automatic Catering, Inc.*, 490 P.2d 311 (Colo.App.1971) (not selected for official publication).

■ This must be shown by evidence satisfactory in character to protect the defendant from another action by the alleged assignor. *See Agate Irrigation & Land Co. v. Sigman*, 83 Colo. 464, 266 P. 209 (1928). Generally, this burden is met by proving a full and complete assignment of the claim from an assignor who was a real party in interest with respect to the claim. *See Edis v. Edis*, 742 P.2d 954 (Colo.App. 1987).

■ Here, plaintiff did not meet its burden of proving a real party in interest status. Despite ample opportunity to do so, plaintiff proffered no evidence prior to or during trial to establish its status as a real party in interest. Plaintiff's only effort to prove Alpine Corporation's real party in interest status was the post-judgment assignments of interests from Alpine Supply to Alpine Corporation referred to above. The trial court considered these assignments a late "bootstrap" technique which did not cure the fact that the action was simply not "prosecuted in the name of the real party in interest" as required by C.R.C.P. 17(a).

In rejecting plaintiff's purported assignments of interests, the trial court did not abuse its discretion. The proffered assignments were new documentary evidence offered in an untimely manner in reply to defendants' post-trial motions. Not only did plaintiff make no showing of why, with reasonable diligence, it could not have produced the assignments at the trial, *cf.* C.R.C.P. 59(d)(4), but also plaintiff's last minute assignments deprived defendants of an adequate opportunity to review and challenge the validity of the purported assignments.

In light of these facts and circumstances, we conclude that the trial court did not abuse its discretion in rejecting plaintiff's post-judgment assignments and concluding that Alpine Corporation had failed to establish that it was the real party in interest. Thus, the trial court's order granting judgment notwithstanding the verdicts is correct as a matter of law, and we will not disturb it on appeal.

## II.

■ Plaintiff also argues that the trial court should have permitted it to utilize the

doctrine of estoppel which, when it applies, estops a party who has dealt with a business in its corporate capacity from denying its legal existence. We disagree.

Since the alleged corporation (Alpine Supply) had ceased to exist as a legal entity before the agreement at issue was entered into, and since it had not attempted to reinstate, restore, or revive its corporate powers, it was incompetent to transact business in Colorado, and the equitable doctrine of estoppel does not apply. To hold otherwise would subvert the public policy of the state. *See Graham, Inc. v. Mountain States Telephone and Telegraph Co.*, 680 P.2d 1334 (Colo.App.1984).

Moreover, the plaintiff did not plead, nor did its complaint allege, that it was a corporation by estoppel. The plaintiff before the court was Alpine Corporation, not Alpine Supply (the purported corporation by estoppel). Hence, we conclude that the trial court did not commit error in refusing to apply this doctrine.

### III.

Plaintiff also contends that the trial court erred in granting judgment notwithstanding the verdicts on the additional grounds that the evidence did not support the jury's awards for unjust enrichment and damages. In light of our holding above, the resolution of these issues is unnecessary to our decision and cannot affect the result. We, therefore, do not address them. *See John Deere Co. v. Alamosa National Bank*, 786 P.2d 505 (Colo.App. 1989).

### IV.

■ Plaintiff's last argument is that the trial court erred in awarding attorney fees to the defendants for the time spent by the defendants in determining whether Alpine was a corporation. Plaintiff maintains that the award was infirm because the trial court failed to make findings to support the conclusion that plaintiffs' actions lacked substantial justification. We disagree.

Based on our review of the record and the two pertinent trial court orders, we conclude that the trial court adequately set forth the reasons for the award after having considered the factors in § 13–17–103, C.R.S. (1987 Repl. Vol. 6A). We therefore, uphold the award of attorney fees.

The judgment notwithstanding the verdicts is affirmed. The appeal of the order awarding attorney fees to defendants is dismissed.

METZGER and RULAND, JJ., concur.