Opinion by
Orlady, J.,
The plaintiffs, who were engaged in the construction and erection of elevators for buildings, submitted a written proposal to the defendant, dated September 14, 1906, containing specifications for an elevator to be installed in the defendant’s property, according to the description therein given, for the price of $425, payable on completion. The court below made absolute a rule for judgment, for want of a sufficient affidavit of defense, and the defendant’s contention is, that because the work as finished by the plaintiffs did not meet the approval of the public authorities, and that, because, the work as a whole was in violation of law, the plaintiff could not recover under his contract, under the authority of Swan v. Scott, 11 S. & R. 155; Holt v. Green, 73 Pa. 198; Johnson v. Hulings, 103 Pa. 498, and others which hold that courts will not lend their aid to the enforcement of an unlawful contract.
This position is untenable in the light of the record as presented to us. The written offer as made by the plaintiffs and accepted by the defendant embraced only such a construction and such appliances as are therein specifically described, and this is all for which the plaintiffs claim it is entitled to recover. The contract as made was a perfectly lawful one. Its full performance, according to the terms of the written offer, is undisputed. The fact that it will be necessary for the defendant to expend some additional money in making the shaft or inclosed part of *199 ■ the elevator conform to the requirements of the building laws of the commonwealth has nothing to do with the plaintiff’s right to recover for the work that has been done. The defendant got precisely that for which he contracted, and if his contract was not broad enough to meet the exigencies of his business, or the requirements of the law, the plaintiff should not be penalized by the defendant’s omission to provide for the additional work. The machinery necessary to operate the elevator, with its timbered supports, might well be considered an entirely separate and independent matter of contract from building the surrounding walls; and was evidently so considered by the defendant, in that he did not combine the two elements in its construction.
The judgment is affirmed.