# Medoff *v.* Fisher et al., Appellants.

*Contracts—Building contracts—Contracts in violation of law—Recovery—Architects—Act of June 9, 1911, P. L. 746.*

1. One holding himself out as an architect is particularly charged with knowledge of the statutory regulations and restrictions governing the erection and use of buildings.

2. Where in an action by an architect for professional services rendered in the preparation of plans and specifications for the erection of a building in pursuance of a contract with defendant it appeared from plaintiff's evidence that the building contemplated was to contain a motion picture theatre, baths, stores and dwellings, and would be in violation of the Act of June 9, 1911, P. L. 746, regulating the construction, maintenance and inspection of buildings used for the exhibition of moving pictures, the plaintiff's case showed an unlawful combination with defendant to do a forbidden thing and the court should have directed a verdict for defendant.

Argued Jan. 23, 1917. Appeal, No. 311, Jan. T., 1916, by defendants, from judgment of C. P. No. 1, Philadelphia Co., March T., 1915, No. 4277, on verdict for plaintiff, in case of Barnet J. Medoff, doing business as Medoff & Son v. Joseph Fisher, Michael Lessy and Jacob

C. Reinish.   Before Brown, C. J., Potter, Moschzisker, Frazer and Walling, JJ.   Reversed.

Assumpsit for professional services rendered by an architect.   Before Shoemaker, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,247 and judgment thereon. Defendants appealed.

*Errors assigned* were rulings on evidence and instructions to the jury, including a refusal to give binding instructions for the defendants.

*Julius C. Levi,* for appellants.—The architect cannot recover for making plans and specifications which provide for the erection of a building in violation of the laws of Pennsylvania: Nave v. McGrane, 19 Idaho 111 (113 Pac. Repr. 82) ; Straus v. Buchman, 96 N. Y. App. Div. 270 (89 N. Y. Supp. 226).

*Bernard Pockrass* and *Harry A. Mackey* submitted a paper book for appellee.

Opinion by Mr. Justice Moschzisker, March 12, 1917:

The plaintiff, an architect, sued to recover for professional services; he secured a verdict, upon which judgment was entered; the defendants have appealed.

In his statement of claim, the plaintiff avers that he was employed by defendants "to prepare and draw up plans and specifications and to supervise the operations of a building which the defendants were about to erect"; that "said building was to contain a moving picture theater, Russian and Turkish baths, stores and dwellings"; further, that he had performed the services of his employment as far as he could, but, after securing bids from various contractors, the defendants had refused to proceed with the construction of the building;

finally, plaintiff claimed a fixed amount for commissions upon what he alleged to be an agreed basis, less an admitted payment on account.

The defendants relied upon several defenses, only one of which need here be considered. In the course of the trial, when another architect, called as an expert witness by the defendants, was upon the stand, the court would not permit him to explain that the plans in question contravened the law, hence, could not be used, and, therefore, were of no monetary value. Counsel for the plaintiff objected to the offer upon the ground that, whether or not the plans were within the law had "nothing to do with the case," since his client "contracted to do what defendants wanted." Although this particular testimony was ruled out, yet all the evidence in the case shows that the various parts of the structure which defendants contemplated erecting were so connected as, within the meaning of the law, to constitute a single building, containing a moving picture theater and several stores and dwellings, the basement under all to be fitted for and occupied as a public bath house.

The Act of June 9, 1911, P. L. 746, "to regulate the construction, maintenance, and inspection of buildings used for the exhibition of moving pictures, in all cities of the first class," provides, inter alia, by Section 3, that "no such building hereafter erected......with a seating capacity of five hundred or less, and no portion of any such building, shall be occupied or used as a dwelling or tenement house, apartment house, hotel, or department store," further that "such restriction shall relate and be applicable, not only to the portion containing the auditorium, but also to the entire structure or building used for moving picture exhibitions, or in connection therewith"; by Section 4, that "no such building......for the exhibition of moving pictures, with a seating capacity of over five hundred, and no portion of any such building, shall be used for any other purpose"; and, by Section 8, "any person or persons who shall.......violate any of

the provisions hereof, shall be guilty of a misdemeanor," punishable by fine or imprisonment.

On the element of seating capacity, there is some evidence, though not very definite, that the auditorium in this case was to have "not more than 500 seats"; but, even at that, the building, as planned, would clearly have contravened the plain terms of the statute. Had the structure been erected and put to the uses intended, the owners would have been guilty of a misdemeanor.

This being the case, what is the situation of the plaintiff? The principle that, since one may change his mind before the actual perpetration of a forbidden act, the mere intention to commit a wrong is no offense, has no proper application under the circumstances at bar; for even though, after an erection of this building, the defendants might not have put it to any forbidden use, yet that fact does not change the status of the case so far as the plaintiff is concerned. The latter's position, therefore, is simply this: All men are supposed to know the law, and, further, one holding himself out as an architect is particularly charged with knowledge of the statutory regulations and restrictions governing the erection and use of buildings; therefore, we must assume both the plaintiff and defendants knew that the uses to which the latter contemplated putting the proposed structure were forbidden under a criminal penalty by the statutes of Pennsylvania. Thus, it may be seen, we have the plain case of three men (the defendants), intending to do a forbidden thing, employing a fourth (the plaintiff) to assist them in making plans to carry out their unlawful purpose—in other words, a combination which could be indicted as a criminal conspiracy. Of course, no contracts or engagements entered into under such circumstances will be enforced at law.

The plaintiff showed this unlawful combination in making out his case, and, in fact, it would have been impossible for him to avoid doing so; hence, the law will leave him just where it finds him, and the court below

should have so ruled. As already indicated, the plaintiff's objection to defendants' offer of testimony shedding, or tending to shed, further light upon the issue under consideration, was based upon a theory of law which should not have been sustained; but since the case falls without regard to this rejected testimony, it is necessary to pass upon only the seventh assignment of error, which complains of the trial judge's refusal to give binding instructions for the defendants.

The assignment last referred to is sustained, and the judgment is reversed.