## Meneice *v.* Camp Kadimah Company, Appellant.

Submitted April 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Galbreath & Braham,* and *Carmen V. Marinaro,* for appellant.

*Lee C. McCandless* and *Marshall & McCandless* for appellee.

OPINION BY DITHRICH, J., July 19, 1945:

Plaintiff, a general contractor, brought this action of assumpsit against defendant to recover a balance due on two contracts. Defendant corporation, engaged in the business of operating a summer camp for children, negotiated with plaintiff for the construction of an outdoor swimming pool. A written contract was entered into whereby the plaintiff agreed "...... to erect and construct upon the premises of the party of the second part [defendant] ...... a steel and concrete swimming pool, thirty (30) feet by seventy (70) feet, including all plumbing, pumps, motor, filter and railing in a first class workmanlike manner and of the highest grade and quality of material." No plans or specifications were drawn except for a rough, meager pencil sketch made by the plaintiff for another pool constructed by him. The defendant agreed to pay $6,088 for the work, payable in installments. The second contract, which is not involved in this appeal, was for labor and materials furnished in and about the parking lot, road and tennis court.

Plaintiff commenced work on the pool and completed

it about July 4, 1939. As agreed in the contract, he maintained it and kept it in repair for a period of two years. In June, 1940, about a year after completion, defendant expressed its approval in a letter to the Johns-Manville Company stating that the pool was con- structed in a very satisfactory manner. Defendant made payments on account at various times amounting to $4,540. In 1941, the defendant made application to the Department of Health for a permit to operate the pool. The permit was refused because the pool was not constructed according to the requirements of the De- partment of Health. Finding that certain corrections would have to be made before it could obtain a permit, the defendant refused to make any further payments to plaintiff. Plaintiff then brought suit for the balance due of $1,548 on the pool and the balance of $174.50 due on the second contract. On the trial of the case, which resulted in a verdict and judgment for the plain- tiff, the court refused to admit the testimony of H. C. Kneeland, a water-works chemist. Mr. Kneeland's testimony was offered to prove that the pool contained various defects and did not meet the standards of the Department of Health in 1942. On this point, the court ruled that the requirements of the Department of Health were not part of the contract and were ir- relevant to the issue.

Appellant now assigns as error the exclusion of Knee- land's testimony and the court's ruling with respect thereto. It was the contention of appellant at the trial that the requirements of the Department of Health were impliedly a part of the contract, and that if the pool did not meet these requirements there could be no re- covery for performance of the contract. Appellant further contends that if the Public Bathing Law of June 23, 1931, P. L. 899, 35 PS §672 et seq., was not part of the contract, then the contract was illegal and the plaintiff cannot invoke the aid of the courts to en- force it. The appeal, therefore, raises two questions of

law: (1) What was the effect of the Public Bathing Law, supra, on the contract? (2) Was the contract illegal?

We agree with the court below that the Public Bathing Law, supra, was not impliedly incorporated into the contract. The construction of a swimming pool is a matter of private contract and whether or not the statute becomes a part of the contract is a matter of the intention of the parties. Plaintiff denies that he agreed to build the pool according to regulations of the Department of Health. Many construction contracts are subdivided; a single contract does not necessarily contemplate the completed project. The agreement of the plaintiff to build the pool does not necessarily imply that he agreed to make the minor changes or corrections required to operate it as a public pool. The plaintiff constructed the pool in full compliance with the contract and the work was accepted and approved. This was a performance of the contract between the parties. The equipment of the pool as a public swimming pool is another and separate matter, having no effect on the contract as executed. The statute in question was intended to regulate and govern the person for whom the pool is built, the one who operates the pool as a public swimming pool. It was not intended to regulate the person with whom he contracts to build it. The law affects the right of the owner to operate the pool, but it does not fix the rights and liabilities between the owner and the contractor.

Nor do we think the contract was illegal as being in violation of the statute. The act does not prohibit the building of a swimming pool, it merely requires that a permit be obtained. The statute is regulatory and not prohibitive. The legislative intent looks rather to the operation of a public swimming pool than to the construction of a pool. While it may be illegal to operate a public swimming pool that does not conform to the regulations of the Department of Health, the mere

construction of a pool neither violates the statute nor is it against public policy.

Appellant relies chiefly upon the case of *Medoff v. Fisher*, 257 Pa. 126, 101 A. 471. In that case, an architect sued to recover for professional services in drawing plans for a building which was to contain a motion picture theater, public baths, stores and dwellings. The statute involved expressly prohibited the construction of a theater and dwelling in the same building. Hence the plans could not be used and were of no value. The case also held that one holding himself out as an architect was particularly charged with knowledge of the statutory regulations and restrictions governing the erection of buildings. But the facts in the instant case are more analogous to those in *Morse v. Maurer*, 35 Pa. Super. 196. There, the plaintiffs installed an elevator in defendant's building, and the work as finished did not meet with the approval of the public authorities. The defendant refused to pay, claiming that the work as a whole was in violation of law. The court allowed recovery and called the position of the defendant "untenable." We quote that part of the opinion by ORLADY, J., which we think is particularly applicable to the instant case. "The contract as made was a perfectly lawful one. Its full performance, according to the terms of the written offer, is undisputed. The fact that it will be necessary for the defendant to expend some additional money in making the shaft or inclosed part of the elevator conform to the requirements of the building laws of the commonwealth has nothing to do with the plaintiff's right to recover for the work that has been done. The defendant got precisely that for which he contracted, and if his contract was not broad enough to meet the exigencies of his business, or the requirements of the law, the plaintiff should not be penalized by the defendant's omission to provide for the additional work."

The judgment is affirmed.