L. E. WOLK, Plaintiff,

v.

BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES, Defendant.

Civ. A. No. 15754.

United States District Court
W. D. Pennsylvania.

April 6, 1959.

See also, 168 F.Supp. 715.

Samuel J. Goldstein, Pittsburgh, Pa., for plaintiff.

James B. Hecht, of Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In connection with defendant's motion for partial summary judgment directed at plaintiff's suit for commissions allegedly due for solicitation of Group Life Insurance from the membership of the Furniture Club of Pittsburgh, this court, pursuant to memorandum order of January 9, 1959, confined argument to the following issue:

Where the defendant Insurance Company, at the request of the plaintiff, prepared, formulated and made available for distribution among the membership of the Furniture Club of Pittsburgh a prospectus to secure the membership of said organization for Group Life Insurance to be written by and with said Company, and in reliance upon defendant's inducements and representations the plaintiff secured the required number of applications of said Furniture Club which were not accepted or approved by the defendant Company, is it a legal defense to an action by the plaintiff against defendant for the commission which would have been earned and due if the Group Life Policy had been written by the defendant Company, that said Group Life Insurance Policy which had been submitted in the prospectus prepared by the defendant was not in conformity with law and/or not approvable by the Insurance Commissioner of the Commonwealth of Pennsylvania?

In the first instance, I shall, for purpose of argument, accept defendant's thesis that the Group Life Insurance prospectus made avaliable by defendant to plaintiff for solicitation among members of the Furniture Club of Pittsburgh was not in conformity with the requirements and provisions of Pennsylvania law.

### Plaintiff's Claim Based on Quasi-Contract

Nevertheless, two sound and equally poignant reasons would, in my judgment, authorize a recovery on quantum meruit or quantum valebat.

First: It is true that, generally, a court will not lend its aid to the enforcement of an illegal contract but will leave the wrongdoers where it finds them. Holst v. Butler, 379 Pa. 124, 108 A.2d 740, and cases cited therein.

Any bargain is illegal if either the formation or the performance thereof is prohibited by Constitution or Statute, Restatement of Contracts, Section 580. Nevertheless, where the illegality of the bargain is due to facts of which one party is justifiably ignorant and the other party is not, the illegality does not preclude recovery by the ignorant party of compensation for any performance rendered while he is still justifiably ignorant, or for losses incurred or gains prevented by non-performance of the bargain. Restatement of Contracts, Section 599.

The factual circumstances require the conclusion that the knowledge and information attendant to the legality

of proferred Group Life Insurance, and its conformity or nonconformity with state law, implicity rested with the defendant, which formulated the Group Insurance Plan and made the same available to plaintiff.

As further stated in section 597 of the Restatement of the Law of Contracts:

"(a). The statement that all illegal bargains are void is not wholly accurate. It is true that many such bargains are entirely without effect on the legal relations of the parties and that a Court will only under exceptional circumstances, enforce specifically an illegal agreement, but the rule of public policy that forbids an action for damages for breach of such an agreement is not based on the impropriety of compelling the defendant to pay the damages. That in itself would generally be a desirable thing. When relief is denied, it is because the plaintiff is a wrong doer, and to such a person, the law denies relief."

█ Second: The court should only entertain a defense that the contract is illegal where the suit has as its object and effect accomplishment of illegal ends which would be consummated by the judgment sought. Kosuga v. Kelly, 7 Cir., 257 F.2d 48; Bruce's Juices v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219.

█ The contract which is the subject matter of this suit is a claim for services in connection with the sale of group life insurance, based upon defendant's representations and inducement that said insurance was saleable and valid, and justified the rendition of plaintiff's labors in the solicitation of the membership of the Furniture Club of Pittsburgh. The contract or arrangement for services between plaintiff and defendant Benefit Association of Railway Employees is neither prohibited by law, statute or public policy, and being the contract sued upon, the insurer cannot now be heard to complain that because the policy, when issued, might not conform to Pennsylvania law.

It would appear, therefore, that plaintiff would be justified to, at least, prosecute his claim based upon the value of his labors brought about in reliance upon defendant's inducement.

Plaintiff's Claim for Commissions Based on the Contract Agreement

Is the court required to determine whether or not the proferred Group Life Insurance conforms to Pennsylvania law in order for plaintiff to maintain his suit for commissions pursuant to the contract agreement?

Pennsylvania statute rigidly, and without deviation, delineates the procedure for securing approval of all insurance programs from the Insurance Commissioner. In the event of the Insurance Commissioner's disapproval, procedure for review is provided under the Administrative Agency Law. Any violation of this section constitutes a misdemeanor.[1]

1. "§ 477b. Approval of policies, contracts, etc.; prohibiting the use thereof unless approved; judicial review; penalty

"It shall be unlawful for any insurance company, association, or exchange, doing business in this Commonwealth, to issue, sell, or dispose of any policy, contract, or certificate, covering life, health, accident, personal liability, fire, marine, title, and all forms of casualty insurance, or contracts pertaining to pure endowments or annuities, or any other contracts of insurance, or use applications, riders, or endorsements, in connection therewith, until the forms of the same have been submitted to and formally approved by the Insurance Commissioner, and copies filed in the Insurance Department, except riders and endorsements relating to the manner of distribution of benefits, and to the reservation of rights and benefits under any such policy, and used at the request of the individual policyholder, and except any forms which, in the opinion of the Insurance Commissioner, do not require his approval.

"Forms so filed, forms filed under the act, approved the eleventh day of May, one thousand nine hundred forty-nine (Pamphlet Laws 1210), or any amendments thereof, or filed under any other section of this law, shall be deemed * * approved or disapproved by the Insurance

In view of the clear and unequivocal procedures laid out by statute for determining the approvability of insurance programs, it would be improvident for this court to attempt to interpret the Insurance Code of the Commonwealth of Pennsylvania as evaluated with the Group Life Insurance Plan. Such action would prove an abortive attempt to invade the province of the Insurance Commissioner and the appropriate administrative agencies.

The needlessness of making such an evaluation is glaringly brought into focus in the light of the following section of the Insurance Code:

"A policy delivered or issued for delivery to any person in this Commonwealth in violation of this act shall be held valid but shall be construed as provided in this act.

When any provision in a policy subject to this act is in conflict with any provision of this act, the rights, duties and obligations of the insurer, the insured and the beneficiary, shall be governed by the provisions of this act." 40 Purdon's Penna.Statutes Annotated, Section 756.

■ Thus, it would appear that defendant's attempt to invoke the defense of illegality for the Group Life Insurance Plan which it had itself formulated is rendered moot for the reason that any provision of said Insurance Plan which conflicts with the Insurance Code would as a matter of law be governed by the provisions of the Code.

Whether or not the group is insurable is a matter to be determined by the Insurance Commissioner after submission

Commissioner. The Insurance Commissioner, by written notice to the insurer, may, within such thirty-day period, extend the period for approval or disapproval for an additional thirty (30) days.

"Such approval shall become void upon any subsequent notice of disapproval from the Insurance Commissioner, or upon any subsequent withdrawal of license or refusal of the Insurance Commissioner to relicense any such company, association, or exchange, or upon the subsequent passage of an act which would no longer make such contracts or related forms a fit subject for approval, except that this provision shall not affect contracts issued prior thereto.

"Upon any disapproval, the Insurance Commissioner shall notify the insurer in writing, specifying the reason for such disapproval; and within thirty (30) days from the date of mailing of such notice to the insurer, such insurer may make written application to the Insurance Commissioner for a hearing thereon, and such hearing shall be held within thirty (30) days after receipt of such application. The procedure before the Insurance Commissioner shall be in accordance with the adjudication procedure set forth in the 'Administrative Agency Law,' and the insurer shall be entitled to the judicial review as provided for in said law.

"Any person, corporation, insurance company, exchange, order, or society that shall, either as principal or agent, issue, or cause to be issued, any policy or contract of insurance within the Commonwealth, contrary to this section, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500.00).

"This section shall not be construed as extending the provisions of this section to domestic mutual fire insurance companies.

"Upon satisfactory evidence of the violation of this section by any such person, corporation, insurance company, exchange, order, or society, the Insurance Commissioner may, in his discretion, pursue any one or more of the following courses of action: (1) Suspend or revoke the license of such offending person, corporation, insurance company, exchange, order or society; (2) refuse, for a period of not to exceed one year thereafter, to issue a new license to such person, corporation, insurance company, exchange, order, or society; (3) impose a fine of not more than one thousand dollars ($1,000.00) for each and every act in violation of this act. When the Insurance Commissioner shall take action in any of the ways above recited, the person, corporation, insurance company, exchange, order, or society aggrieved may appeal therefrom to the court of common pleas of Dauphin County. 1921, May 17, P.L. 682, art. III, § 354, added 1931, June 23, P.L. 904, § 2, as amended 1937, May 28, P.L. 934, § 1; 1951, July 19, P.L. 1100, § 5." 40 Purdon's Penna. Statutes Annotated, Section 477b.

of the Group Plan and policy, with appropriate avenues of administrative appeal provided by statute. No basis, therefore, exists to invoke the defense of illegality against a claim for commissions predicated upon solicitation of the Furniture Club of Pittsburgh for the sale of the Group Life Insurance Plan.

 In view of defendant's persistent advocacy of the instant motion, and the factual disputes which exist as to compliance with the contract agreement and damages which resulted therefrom, at such time as this proceeding is fixed for non-jury trial, I shall empanel an advisory jury pursuant to Rule 39(c) of the Federal Rules of Civil Procedure, 28 U.S.C. to which jury the following interrogatories will be presented:

1. Had plaintiff complied with the terms and conditions of his agreement with defendant in the solicitation of Group Life, Hospitalization, Health and Accident Insurance from the membership of the Furniture Club of Pittsburgh?

2. What is the amount of commissions due plaintiff for solicitation of Group Life, Hospitalization, Health and Accident Insurance from the membership of the Furniture Club of Pittsburgh?

3. What is the value of the services which plaintiff rendered in the solicitation of Group Life, Hospitalization, Health and Accident Insurance from the membership of the Furniture Club of Pittsburgh without any consideration being given to commissions?

In the event I am in error in affirming the view that plaintiff would be entitled to recovery of commissions, should he succeed in proving his case, the need for retrial can be avoided, and the verdict moulded consistent with the specific findings.

Defendant's motion for summary judgment will be refused.

I shall further direct that counsel for the parties stipulate to all factual matters not in dispute and all matters in dispute on or before May 1, 1959, and that counsel for the parties comply with all terms and conditions of the pre-trial order entered May 28, 1958, and that no deviation be made therefrom without order of court for cause shown.

If counsel for either of the parties fail or neglect to comply with the Pretrial Rule of the Court, Rule 5–II, within the time stated, appropriate penalties and sanctions will be imposed on the offending party.

An appropriate order is entered.