## Banos v. Sabo

*Brendan J. Vanston* and *Hobbs and Morgan,* for plaintiff.

*James E. Davis* and *Farr, Davis and Turrell,* for defendants.

GARDNER, *P. J.,* June 10, 1977 — In August 1975, plaintiff and defendant Dougan commenced discussions concerning a project contemplated by plaintiff, the construction of a road and bridge over South Run Creek in Monroe Township, Wyoming County, Pa. The discussions culminated in a contract between plaintiff and defendants involving that project for an agreed consideration of $7,475.

The contract documents included specifications dated August 15, 1975, one of the provisions of which was that all "permits" were to be "furnished" by plaintiff.

Construction by defendants commenced in early September 1975 and were continued by them and their employes until on or about October 14th or 15th, by which time defendants had been paid $4,983.34 of the contract price and had erected the bridge abutments and set beams, but had not, as provided for in the contract documents, removed stone walls, dug a trench, excavated for a septic

system, changed a trailer location or completed the road.

A controversy arose at or about mid-October 1975, plaintiff asserting that it concerned a demand by defendants for more money, and defendants contending that the problem concerned plaintiff's failure to obtain a permit under the terms of the Water Obstructions Act, infra, from the Department of Environmental Resources.

Plaintiff asserted that he first "applied" for the Department of Environmental Resources permit in July 1975, but defendants' Exhibit 3, an application, was dated October 22, 1975. A permit appeared to have been issued by the Department under date of November 13, 1975, but its efficacy was predicated on plaintiff's *acceptance of conditions* within a time limit, and the evidence was silent as to whether plaintiff accepted or not within the time specified.

Plaintiff finished the job called for by the original contract and brought this suit for costs of repair of allegedly defective construction by defendants and the completion cost. Defendants counterclaimed for amounts which they alleged they had expended on the work to the date that they terminated their efforts in excess of the contract payments previously made to them by plaintiff.

At the trial before this court without a jury, the issue of illegality arose, and upon the conclusion of the receipt of evidence, the parties were accorded the opportunity of briefing this issue, which resulted in the submission of the case to this court on April 27, 1977.

Plaintiff's counsel argued (1) that defendant has the burden of proof of illegality, (2) that the evidence does not establish illegality, and (3) even

if there be illegality, it is collateral to the agreement of the parties, since the Water Obstructions Act was not intended to bar an owner's recovery in this situation. The brief he submitted places reliance on Contractor Industries v. Zerr, 241 Pa. Superior Ct. 92, 359 A. 2d 803 (1976). Defense counsel, in a tactic that, if accepted, abandons the counterclaim, contends that the contract was illegal because of the failure of plaintiff to obtain and prove a valid permit under the Water Obstructions Act. The defense brief distinguishes Zerr because that case involved an ordinance and not a statute, as here, and, further, because the subject of the contract in Zerr was a swimming pool which was not prohibited by the ordinance but was merely limited to designated areas.

The Water Obstructions Act of June 25, 1913, P.L. 555, sec. 4, 32 P.S. §684 provides:

"It shall be unlawful to construct or begin the construction of any . . . water obstruction . . . except in accordance with the terms, conditions, regulations, and restrictions of such consent or permit . . ."

Section 1 of the act includes a bridge within the definition of a water obstruction.

The general rule in Pennsylvania is that a contract is illegal if either the formation or performance is prohibited by statute: Wolk v. Benefit Association of Railway Employees, 172 F. Supp. 62 (W.D. Pa. 1959).

The authority cited by plaintiff, Contractor Industries v. Zerr, supra, provides that if the cause of action appears to arise out of a transgression of a "positive law," no right can be enforced.

We are of the opinion that although the Water Obstructions Act does not prohibit the construc-

tion of a bridge, the performance of the contract instantly involved was prohibited unless a permit was first obtained. We find support for this conclusion in Medoff v. Fisher, 257 Pa. 126, 101 Atl. 471 (1917), wherein an architect sued for services rendered in performing plans for a building to be used as a theater and for dwelling and other mercantile purposes. In this case, a statute forbade such combination, and a contract for the architect's services could not be enforced, because the contract provided for a forbidden object. We find further support in Employers' Liability Assurance Corp. v. Fischer & Porter Co., 167 Pa. Superior Ct. 448, 75 A. 2d 8 (1950), wherein the court applied the general rule to an insurance policy for which a premium in excess of that allowed by statute was charged, because the applicable statute provided that no suit could be maintained for premium collection on any policy which violated the act.

Having found the performance of the contract between plaintiff and defendants prohibited by statute in that no permit was obtained by plaintiff prior to commencement of construction, and, further, no evidence having been received which indicated that a valid and effective permit for the construction was ever granted, it follows that the contract may not be enforced.

Hence, both plaintiff's claim and defendants' counterclaim must fail. See Holst v. Butler, 379 Pa. 124, 108 A. 2d 740 (1954).

## ORDER

And now, June 10, 1977, for the reasons set forth in the opinion of even date in the above-captioned matter, we find, in the claim of Joseph Banos, plaintiff, v. Frank J. Sabo and Michael Dougan,

d/b/a S & D Construction, defendants, for defendants, and in the counterclaim of Frank J. Sabo and Michel Dougan, d/b/a S & D Construction, against Joseph Banos, for Joseph Banos.

Each party shall bear his own costs.