Raymond S. PIETRAMALE d/b/a R. S. Pietramale and Associates and Affiliated Sales, Plaintiffs-Appellees,

v.

ROBERT G. FISHER COMPANY, INC., a California corporation, Defendant-Appellant.

No. 80CA1139.

Colorado Court of Appeals, Div. I.

Dec. 3, 1981.

George H. Whitcomb, Lakewood, for plaintiffs-appellees.

Ireland, Stapleton & Pryor, P.C., William G. Imig, S. Lamar Sims, Denver, for defendant-appellant.

COYTE, Judge.

Defendant, a construction contractor, appeals the judgment of the trial court entered against it for the balance due under a contract with plaintiff. We affirm.

This case involved a dispute as to the controlling terms of a contract for the sale of certain lighting equipment. Plaintiff contended that the terms of the contract were those which he negotiated with the defendant's estimator without reference to the defendant's specifications. The authority of the estimator was never challenged. However, defendant contended that its specifications determined the contractual terms. The trial court found that the plaintiff had not seen the defendant's specifications and had relied instead on terms approved by defendant's estimator. The court further found that the plaintiff had furnished materials in conformity with those terms and thus entered judgment for the plaintiff.

I

Defendant contends that the trial court erred in finding that the terms of the contract between the parties were those negotiated between the plaintiff and the defendant's estimator. We disagree.

 When defendant accepted the plaintiff's bid by issuing a purchase order, the representations of the estimator that the plaintiff's product would be acceptable were binding upon it and a valid contract was formed on the terms negotiated with the estimator. *See generally Cook v. Hargis*, 164 Colo. 368, 435 P.2d 385 (1967). As the evidence supports the trial court's finding that the negotiations between the plaintiff and the estimator determined the terms of the contract, we will not disturb that finding on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

## II

Defendant next contends that the trial court erred in failing to find that the materials supplied did not comply with the Denver Building Code and that such failure to comply was a breach of contract. We disagree.

The trial court found that the terms of the contract were those which were negotiated between the defendant and the plaintiff. As the plaintiff fully performed in accordance with the terms agreed upon by the defendant, which terms did not require compliance with any building code, the defendant received the merchandise for which he contracted. Defendant may not escape payment on the ground that the emergency lighting equipment did not meet the requirements of the Denver Building Code. *See Meneice v. Camp Kadimah Co.*, 157 Pa.Super. 380, 43 A.2d 621 (1945); *see also Barrows v. McMurtry Manufacturing Co.*, 54 Colo. 432, 131 P. 430 (1913); *cf. Klipfel v. Neill*, 30 Colo.App. 428, 494 P.2d 115 (1972).

## III

Defendant last contends that the trial court erred in refusing to assess sanctions against the plaintiff because of plaintiff's failure to produce all documents he possessed as requested by defendant's motion to produce under C.R.C.P. 34. At trial when the issue arose, the court found that the worksheet which plaintiff had failed to produce was not relevant and, therefore, not admissible into evidence. Thus, defendant has shown no prejudice to it.

We have considered defendant's other assignments of error and find them to be without merit.

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.