In an action brought to recover damages alleged to have been sustained as the result of a conspiracy of the defendants, defendant Milton Bierman appeals from an order denying a motion to dismiss the complaint for failure to state a cause of action, or to direct the plaintiff to serve an amended complaint stating and numbering separately the alleged causes of action, or to strike out paragraphs of the complaint, and for other relief. Order modified on the law by striking from the first ordering paragraph the words “in all respects,” and substituting in place thereof the following, “ in so far as it seeks an order dismissing the complaint or directing the plaintiff to serve an amended complaint stating and numbering separately the alleged causes of action, and is granted to the extent of striking out paragraphs 3, 5, 8, 11, 12, 13, 14 and 16 of the complaint”. As thus modified, the order is affirmed, with $10 costs and disbursements to appellant, with leave to appellant to serve an answer or amended answer within ten days from the entry of the order hereon. The respondent, who owned and operated a luncheonette in premises leased to him by the codefendant, entered into a written contract to sell that business and the lease to the appellant. He alleges that the defendants, prior to the date set for closing under the contract of sale, entered into a plan and conspiracy under the terms of which the landlord agreed to accept the appellant as a tenant without requiring an assignment of the lease held by the respondent, thereby enabling the appellant to acquire title to the lease without complying with the contract of sale. Respondent further alleges that appellant, after breaching the contract, purchased the equipment and fixtures of respondent’s business at an auction sale conducted by the holders of the chattel mortgages on the fixtures and equipment, together with whatever rights the mortgagees had in the alleged assignment of respondent’s lease which they held as collateral security for the payment of the mortgages. Under the terms of the lease, respondent was forbidden to pledge, mortgage or assign said lease as collateral security. He alleges that he apprized the landlord of the breach of contract by the appellant, and of the *1140 alleged invalidity of the assignment of the lease, and requested the landlord not to accept the alleged invalid assignment of the lease, but the landlord accepted the appellant as a tenant. Respondent seeks damages for the difference between the contract price and the amount paid by the appellant at the auction sale. Special Term held the complaint stated a cause of action for conspiracy. The landlord could accept the appellant as a tenant in spite of the fact that the lease forbade the respondent to pledge, mortgage or assign the lease as collateral security. (1 McAdam on Landlord and Tenant [5th ed.], § 143, p. 658; Murray v. Harway, 56 N. Y. 337; Greene v. Barrett, Nephews é Go., 238 N. Y. 207.) The respondent by his own act, in violation of the lease, gave rise to a right in the landlord to recognize the assignment by way' of security. The right of the' chattel mortgagees to sell their security was created by respondent. The property was that of the landlord, and he was under no duty to stop the mortgagees from asserting the rights given to them by plaintiff; nor was the landlord obliged to refrain from negotiating with the appellant to accept the latter as a tenant in the event that the respondent lost his lease. (Leshay v. Tomashoff, 267 App. Div. 635, affd. 293 N. Y. 797.) There is no allegation that any act of the defendants caused the auction sale, and said auction sale was not an event resulting directly from appellant’s breach of contract. Since the landlord did that which by reason of plaintiff’s conduct he had a legal right to do, no cause of action for a tort is stated. (Leshay v. Tomashoff, supra; Borff v. Bornstem, 277 N. Y. 236, 243.) The allegations of the complaint, however, are sufficient as a cause of action for breach of contract. Therefore, it cannot be dismissed. (Gornehlsen v. Budensing, 270 App. Div. 1037.) The allegations which attempted to charge a conspiracy are irrelevant, as is the allegation of negotiations prior to the written contract. Carswell, Acting P.‘ J., Johnston, Adel, Wenzel and MaeCrate, JJ., concur.