Abraham J. Gellinoff, J.
Defendant Dan Enright moves pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice for dismissal of the first, second, third and fourth causes of action, and, by separate motion, defendant National Broadcasting Company Inc. moves for like relief.
Plaintiff claims that the first cause of action is one for ‘ ‘ prima facie tort”. It is well settled that, to state a good cause of action on that theory, the complaint must contain a proper allegation of special damages (Reinforce, Inc. v. Birney, 308 N. Y. 164; Rager v. McCloskey, 305 N. Y. 75, 81; Nichols v. Item Publishers, 309 N. Y. 596, 602; Penn-Ohio Steel Corp. v. Allis-Chalmers Mfg. Co., 7 A D 2d 441, 445). The first cause of action fails to contain any allegation of special damages. It merely alleges that plaintiff was subjected to ridicule and impairment of his reputation and that he “was damaged in the sum of $100,000 ’ \ The cases cited by plaintiff are distinguishable. In Musso v. Miller (265 App. Div. 57) there was a showing of special damage. The case of Schauder v. Weiss (276 App. Div. 967) merely held that the defense of privilege was unavailable. Reynolds v. Pegler (223 F. 2d 429) and Prince v. Brooklyn Daily Eagle (16 Misc. 186) were libel cases.
The necessity of pleading special damages in a prima facie tort case was reaffirmed recently in Leather Development Corp. v. Dun & Bradstreet (15 A D 2d 761) where the Appellate Division in this Department said: ‘ ‘ Damage is an essential element in a cause of action for prima facie tort and must be pleaded specially”. The court held that “ damages pleaded in * * * round sums, without any attempt at itemization, must be deemed allegations of general damages ”.
Apart from the foregoing, it appears from the allegations of the complaint that the inflicting of injury was not the primary purpose with which the acts were committed (cf. Benton v. Kennedy-Van Saun Mfg. & Eng. Corp., 2 A D 2d 27).
The first cause of action is insufficient.
The second cause of action is for breach of contract. It alleges that plaintiff applied to defendant Barry-Enright Productions, *614 Inc., for the purpose of becoming a participant on a quiz show produced by it in co-operation with the movants and the other defendants (except defendant Martin Dowd), and that there was an implied agreement on the part of defendants, when they accepted plaintiff as a participant, that the quiz show would be conducted honestly. Plaintiff alleges that, after defeating a number of contestants and winning a total of $8,800, he elected to proceed against Martin Dowd as his next opponent; and that, after a series of tie games which raised the amount which plaintiff might win or lose, plaintiff was defeated by Dowd “ and left the program with a small portion of his total winnings ”.
Plaintiff alleges that defendants supplied his opponent, defendant Dowd, with the answers to the questions to be asked in his competition with the plaintiff, and thereby breached the agreement by depriving plaintiff of an opportunity to engage in honest and fair competition. The cause of action concludes with the allegation that “ such prize, based upon plaintiff’s ability would have been $100,000 and plaintiff has been damaged in that amount ’ ’.
If, as alleged, defendants did supply Dowd “ with the answers to the questions to be asked in his competition with the plaintiff ”, then plaintiff’s loss of part of the $8,800 standing to his credit resulted from the rigging of the contest with Dowd, and is attributable to defendants ’ breach of their implied agreement to conduct the contest honestly; and it is no answer for defendants to contend that even if they had not given Dowd the correct answers, he mighfstill have answered them correctly.
The cause of action alleges that it was a rule of the program that contestants could elect to retire with their winnings instead of jeopardizing them by proceeding against a hew contestant. Plaintiff could, therefore, have taken away the entire $8,800 had he not participated with Dowd in a contest which was vouchsafed to him as honest, but which plaintiff alleges defendants made crooked.
It seems clear that plaintiff has not alleged a good cause of action for the recovery of $100,000, for there is no way in which anyone can know whether or not plaintiff would have been able to answer correctly even one of the questions that might have been asked of him had the contest continued. In the court’s opinion, however, a good case is stated for the recovery of the difference between the $8,800 which plaintiff had won before competing with Dowd and the “ small portion” thereof with which plaintiff avers he left the program. While plaintiff may not recover speculative damage, sufficient is set forth, if the allegations are proved, to warrant recovery of the winnings *615 earned before they were reduced by reason of the alleged fraudulent breach of the contract.
The allegations of the second cause are sufficient — liberally construed as they must be on a motion of this character — to spell out a contract that, if plaintiff participated in the quiz program he would be entitled to cash prizes for correctly answering questions which his opponents failed to answer, in accordance with the rules of the contest. A promise to conduct the contest fairly and honestly is clearly to be implied.
There is no merit to the contention of National Broadcasting Company, Inc., that the cause of action fails to allege facts showing that it was a party to the claimed agreement. The terms and conditions of the undertaking, and the acquiescence thereto by the moving defendants, are sufficiently set forth.
The second cause of action is good.
The third cause sounds in fraud and deceit. However, there is nothing in the allegations from which any inference may reasonably be drawn that plaintiff was damaged in the sum of $100,000 or in any amount by reason of his participation in the program in alleged reliance on the false representations claimed to have been made to him. No financial loss to plaintiff as the result of his appearance on the program is shown. Besides, the alleged representations were promissory in nature and the breach involves only the performance of the promise.
The third cause of action is insufficient.
The fourth cause of action is one for conspiracy based on prior allegations of the complaint. Plaintiff alleges that “ as a result of the aforesaid conspiracy ”, he was damaged. There is, however, no cause of action as such for civil conspiracy. Allegations of conspiracy serve only to connect defendants with the acts of coconspirators (Cuker Ind. v. Crow Constr. Co., 6 A D 2d 415, 417; Leshay v. Tomashoff, 267 App. Div. 635, affd. 293 N. Y. 797). The fourth cause is insufficient.
The motion is granted dismissing the first, third and fourth causes and it is denied as to the second cause with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.