■ JAMES FRIEDLANDER, Respondent, v. NATIONAL BROADCASTING COMPANY, INC., et al., Appellants, et al., Defendants.— Orders, entered June 17, 1963, unanimously reversed, on the law, with $20 costs and disbursements on each appeal, and the motions of defendants National Broadcasting Company, Inc., and Dan Enright to dismiss the second cause of action granted, with $10 costs to each moving defendant, with leave to plaintiff to replead within 20 days after service of order hereon with notice of entry. The allegations of the complaint are that the particular agreement for plaintiff's appearance on the "Tic Tac Dough" program was made with "a representative of defendant Barry-Enright Productions, Inc." It is true that there are allegations in the complaint that the other defendants, including the moving defendants, "participated" in producing, presenting and exhibiting this program, but it is clear that mere participation (manner not specified) by a person in a particular enterprise does not necessarily charge him with responsibility as a principal upon contracts made or implied in furtherance of the enterprise. Thus, the basis for charging the moving defendants with an implied undertaking of honesty and good faith in the conducting of the "Tic Tac Dough" program does not appear. In fact, in viewing the complaint as a whole, we are unable to tell whether or not the plaintiff can state a cause of action against these particular defendants, and, if they can, whether it lies in contract or tort. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ. [39 Misc 2d 612.]