494 P.2d 115 (1972)
Willard KLIPFEL, Plaintiff-Appellee,
v.
Bernard NEILL, Defendant-Appellant.
No. 71-361.
Colorado Court of Appeals, Div. II.
February 15, 1972.
*116 Gordon, Lefferdink & Legg, John J. Lefferdink, Lamar, for plaintiff-appellee.
Schmidt & Schmidt, Howard M. Schmidt, Springfield, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
Defendant Bernard Neill, orally contracted with plaintiff Willard Klipfel, for the construction of two water stock tanks. Klipfel agreed to construct the tanks in accordance with specifications provided by the United States Department of Agriculture Soil Conservation Service. Upon completion, he was to be paid $890. Klipfel agreed to furnish labor and materials for the tanks, except for steel rims which Neill was to provide. Klipfel constructed the two tanks which were certified by the Soil Conservation Service as complying with its specifications. Upon this approval, Neill received a percentage payment or cost-share reimbursement of the construction from the Soil Conservation Service.
Neill subsequently found that one tank leaked when it was filled with water. The Soil Conservation Service reinspected the tanks and revoked approval. This revocation placed Neill in the position of having to make repairs to bring the tank to specifications or return the cost-share payment received from the Soil Conservation Service. Neill refused to pay Klipfel for the tanks until they were repaired and rejected the plaintiff's offer to perform the labor on the repairs if Neill would furnish materials. Upon Neill's refusal to pay, Klipfel sued on the contract, and alternatively, for a quantum meruit recovery.
The court below found that Klipfel substantially complied with the contract and that the specifications of the Soil Conservation Service had been met. The court determined that the specifications were deficient, thereby causing the leak. The findings of the court are supported by the evidence. The court allowed recovery on the basis of quantum meruit in the amount of $890.
*117 Defendant Neill argues that the lower court erred in not finding an implied warranty of fitness for a particular purpose and cites C.R.S.1963, XXX-X-XXX, in support. Under this section of the Uniform Commercial Code, however, the buyer's reliance on the seller's skill or judgment must be shown before an implied warranty of fitness of purpose can arise.
Although plaintiff Klipfel objected to the use on the tanks of asphalt, as required by the Soil Conservation Service specifications, and to the use of a smooth steel rim, as supplied by defendant, he nonetheless complied with the specifications. The record indicates that compliance with Soil Conservation specifications was necessary not only for defendant's entitlement to cost-share payments, but also for plaintiff's satisfactory performance of the contract. This does not establish a reliance by the defendant upon plaintiff's skill or judgment. See C.R.S.1963, XXX-X-XXX (comment 9).
In a similar case to the one being considered here, Vacuum Concrete Corp. v. Berlanti Construction Co., 206 Pa.Super. 548, 214 A.2d 729, the court refused to apply the Uniform Commercial Code § 2-315, on the basis that there was no reliance on the skill and judgment of a manufacturer whose process was tested by a contractor and a city and subsequently adopted as part of an agreement between the two.
A leading case on this issue demonstrates that in the instant case the result would be the same under the U.C.C. or at common law. Bentley v. State, 73 Wis. 416, 41 N.W. 338, held that a contractor was not responsible for defects in the construction of wings to the state capitol where the state undertook the task of providing plans and specifications and required the contractor's adherence thereto. The contractor complied with the plans. Although this reasoning has been widely accepted in other jurisdictions, Annot., 6 A.L.R.3d 1394, we find no Colorado cases in point. The policy of the U.C.C. and the reasoning dominant in other jurisdictions is sound and we adopt it here. Plaintiff, who has substantially complied with the specifications, will not be held to have extended a warranty of fitness for a particular purpose to the owner, or be held responsible for the consequences of a deficiency in the specifications.
The lower court based its judgment on a quantum meruit theory. Since there is an express contract upon which the suit and resulting judgment rests, the quantum meruit doctrine is inapplicable. 98 C.J.S. Work & Labor § 27. The trial court's application of the quantum meruit theory notwithstanding, it did find that the plaintiff substantially complied with the contract and entered judgment in his favor for the full contract price. Where the trial court has entered a correct judgment, we will affirm, even though the judgment was entered for the wrong reason. Metropolitan Industrial Bank v. Great Western Products Corp., 158 Colo. 198, 405 P.2d 944.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.