540 P.2d 1110 (1975)
BARBARA'S LIGHTING CENTER, INC., Plaintiff-Appellee,
v.
Winston CHURCHILL et al., Defendants-Appellants, and P. C. P. Manufacturing Corporation, Defendant.
No. 74-244.
Colorado Court of Appeals, Div. II.
March 25, 1975.
Rehearing Denied April 15, 1975.
Certiorari Denied June 16, 1975.
*1111 Walton, Tammen, Hudson & Robinson, Ron J. Robinson, Edward Shields, Colorado Springs, for plaintiff-appellee.
Pferdsteller, Vondy, Horton & Worth, Anthony L. Worth, Denver, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
The three individual defendants in this action, Churchill, Paulson, and Pollack, (the appellants) appeal from a judgment declaring them jointly and severally liable for breach of a contract. We reverse.
Plaintiff, Barbara's Lighting Center, Inc., brought this suit to recover the contract price of lighting fixtures delivered to an unincorporated association known as "P.C.P. Manufacturing Company" (the Company), which subsequently incorporated as defendant P.C.P. Manufacturing Corporation (the Corporation). The Corporation's contractual indebtedness of $4,731.26 was admitted; the principal issue at trial was whether the appellants were personally liable for the indebtedness.
We agree with appellants' contention that there was insufficient evidence to support the trial court's finding that the appellants were individually liable on the contract. The only contract proved was between the plaintiff and the Company. Generally, a contract can be enforced only against a party to that contract. State v. Antoine, 82 Wash.2d 440, 511 P.2d 1351. Plaintiff had the burden of proving that the appellants were parties to the contract, just as it had the burden of proving the existence and the terms of the contract. See generally Cardinal v. Trendel, 13 I11. App.3d 193, 300 N.E.2d 612.
Plaintiff produced evidence that appellants participated in the Company's activities and that they were aware of the transactions between plaintiff and the Company. One witness testified that appellants "operated" the Company's business. However, this evidence fails to establish appellants' liability as principals on the contract between plaintiff and the Company, there being no proof that appellants had any ownership interest in the Company, nor was there any proof of a partnership or joint adventure. See, e. g., Agate Irrigation & Land Co. v. Sigman, 83 Colo. 464, 266 P. 209; Brown v. Dye, 165 Kan. 507, 195 P.2d 607. Mere participation in the Company's activities does not render appellants liable upon contracts made by the Company. Friedlander v. National Broadcasting Co., 20 A.D.2d 701, 246 N.Y.S.2d 889. The record does not contain any written contract signed by appellants, and therefore they cannot be held liable on that ground. Greenlawn Sprinkler Corp. v. Frosberg, 170 Colo. 286, 461 P.2d 22; Sago v. Ashford, 145 Colo. 289, 358 P.2d 599.
Plaintiff asserts that appellants bore the burden of proving that they acted in a representative capacity, if they desired to shield themselves from liability on that ground. Even assuming that this proposition is correct, it was not necessary for appellants to shield themselves from liability, since plaintiff never established their liability in the first instance.
Judgment reversed.
ENOCH and STERNBERG, JJ., concur.