Rita P. MITTEN and Gary E. Carter, Plaintiffs-Appellees,

v.

Robert C. WESTON and Norma L. Weston, Betty Wells and Rick Todd, Defendants,

and

Apple Ridge, Inc., a Colorado Corporation, doing business as Apple Ridge Realty, Defendant-Appellant.

No. 78-718.

Colorado Court of Appeals, Div. III.

May 8, 1980.

As Modified On Denial of Rehearing June 5, 1980.

Johnson, Makris & Hunsaker, P.C., Hans W. Johnson, Denver, for plaintiffs-appellees.

Fleming, Pattridge, Hacking & Gardner, Conrad E. Gardner, Golden, for defendant-appellant.

PIERCE, Judge.

Defendant Apple Ridge, Inc., appeals a judgment for plaintiffs. We reverse.

Defendants Weston listed a parcel of land for sale through defendant Apple Ridge, Inc., doing business as Apple Ridge Realty. Plaintiffs subsequently purchased the land; however, after closing they became convinced that the actual size of the parcel was less than had been represented to them by defendants. Plaintiffs brought action against defendants on the grounds of breach of contract and false representations, seeking rescission of the purchase contract and return of their payment of $14,299.96, or an award of damages. There was no cross-claim between the defendants.

As the evidence established that none of the parties were aware of the discrepancy in the description before the sale, the trial court dismissed the claims for false representation and for damages. It then entered judgment rescinding the contract. In an attempt to make the parties whole and to return to plaintiffs the money they had paid under the contract, the trial court entered judgment against defendants Weston for $5,670.12 plus interest, and against defendant Apple Ridge, Inc., for $7,475 plus interest, the latter amount representing the real estate agency's commission on the sale.

Defendants Weston, who are not parties to this appeal, tendered $7,305.21 to plaintiffs and received a satisfaction of judgment.

The only matter which has been raised before this court on appeal is the propriety of the award against the real estate agent Apple Ridge, Inc. Apple Ridge has raised numerous contentions of error on this issue; however, by virtue of there being no cross-claims or cross-appeals, we find it necessary to address only one. *See Caldwell v. Kats,* 193 Colo. 384, 567 P.2d 371 (1977).

 Generally, a contract can be enforced only against a party to that contract. *Barbara's Lighting Center, Inc. v. Churchill,* 35 Colo.App. 439, 540 P.2d 1110 (1975). Here, Apple Ridge was a party to the listing contract, a contract between the defendants; however, Apple Ridge was not a party to the contract between plaintiffs and defendants Weston for the sale of the property. Because Apple Ridge was not a party, no action lies against it for breach of that contract. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.,* 39 Colo. App. 100, 565 P.2d 952 (1977), *aff'd,* 195 Colo. 253, 577 P.2d 748 (1978). The claims for false representation having been dismissed, there remained no basis for a judgment against the real estate agent on a contract between the buyers and the sellers.

 Nor are the doctrines of quasi contract or unjust enrichment applicable to this case. Here, Apple Ridge received the $7,475 in question pursuant to the terms of an express contract between Apple Ridge and defendants Weston. Because Apple Ridge's entitlement to the commission is determined by the terms of this express contract, the doctrines of quasi contract or unjust enrichment are inapplicable. *See, Brown's Estate v. Stair,* 25 Colo.App. 140, 136 P. 1003 (1913). *See also, Klipfel v. Neill,* 30 Colo.App. 428, 494 P.2d 115 (1972). While it may be true that Apple Ridge is not entitled to retain the commission under the terms of this listing contract, this issue has never been litigated in the trial court and therefore cannot be considered by this court. *County Court v. Ruth,* 194 Colo. 352, 575 P.2d 1 (1977).

The judgment entered against the real estate agent is reversed.

VAN CISE, J., concurs.

BERMAN, J., dissents.

BERMAN, Judge, dissenting.

I respectfully dissent.

The appellees sought rescission of a land purchase contract on the basis that the deed to real property sold to them under a contract with the Westons, Wells, and Todd was short in acreage. The court granted rescission based on mutual mistake and awarded a refund to plaintiffs against the sellers in the amount of $5,670.12 plus interest and against Apple Ridge for $7,475 plus interest. The judgment against Apple Ridge represented its commission paid by sellers based on the full purchase price of $74,750 and which Apple Ridge refused to refund, even though requested by sellers who wished to rescind the transaction.

Rescission is an equitable remedy which requires the parties to be placed in status quo. *Bankers Trust Co. v. Hall,* 116 Colo. 566, 183 P.2d 986 (1947); *Rice v. Hilty,* 38 Colo.App. 338, 559 P.2d 725 (1976). "In equity cases, such as this, the court must fashion a remedy that does justice under the particular circumstances with which it is confronted." *Dlug v. Wooldridge,* 189 Colo. 164, 538 P.2d 883 (1975). The plaintiffs, as buyers, have the option of seeking rescission or for an abatement of the purchase price. *See Dlug v. Wooldridge, supra.*

Section 12–61–202, C.R.S.1973, provides that:

No real estate agent or broker is entitled to a commission when a proposed purchaser fails or refuses to complete his contract of purchase because of defects in the title of the owner, unless such owner, within a reasonable time, has said defects corrected by legal proceedings or otherwise.

I view this statute as establishing the public policy of this state to preclude payment of a commission when a real estate transaction fails because of defects in the seller's title.

And, if the broker may not claim a commission when the transaction fails to close because of a title defect, certainly the trial court does not err when, in fashioning an equitable remedy necessitated by a mutual mistake of fact as to the title, it orders a refund of that commission in order to return all parties to the status quo.

I disagree with the majority's conclusion that Apple Ridge was not a party to the contract. Indeed, the contract was signed by an agent for Apple Ridge and the broker undertook by its signature to perform three affirmative duties in order to complete the transaction, namely: To serve as the stakeholder for and to distribute the purchasers' downpayment; to designate the time and place of closing; and to accept notice of title defects. While Apple Ridge assumed no duties with reference to rectifying any defects in the title, its status in structuring and completing the transaction clearly appears from the contract, as does its right to compensation therefor. Hence, I view the trial court's decision to order a refund of the benefits of this contract as equitable and eminently correct.

It is true that neither sellers nor Apple Ridge filed any cross-claims against each other. The trial court noted this and stated:

"The Court therefore feels that in order to put the parties back in the position they were in before this occurred as closely as can be done, that what should happen is that the commission should be returned, and I am not quite sure how the judgment should read on this. The commission should in effect be returned to the people who paid the commission and then by them turned over to the plaintiffs, and the balance of the $14,299.96 which was paid less the $1,154.84, which is properly chargeable to the plaintiffs, should be turned over to the plaintiffs. That's a round-about way of doing things, and no claims or cross-claims were made between the defendants, and so the Court exercising its equitable jurisdiction is going to enter money judgments in order to effectuate this equitable remedy . . ."

Thus, I view the trial court's decision to order a refund of the benefits of the contract as a proper method to "achieve justice." *Ulander v. Allen*, 37 Colo.App. 279, 544 P.2d 1001 (1976).

Thus, in my view, the majority's basis for reversal is improper, and we should address the other seven points of error which Apple Ridge claims would justify reversal.