**STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, Plaintiff-Appellant,**

v.

**Ray PIZZA, John R. Mozzetti, and Beverley A. Mozzetti, Defendants-Appellees.**

**No. 80CA0615.**

Colorado Court of Appeals, Div. I.

Sept. 9, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Vicki J. Fowler, Betty B. Cayatte, Malcolm M. Murray, Asst. Attys. Gen., Denver, for plaintiff-appellant.

McClure & Jacobs, P.C., John C. McClure, Gordon J. Bosa, Alamosa, for defendant-appellee Ray Pizza.

No appearance for defendants-appellees John R. and Beverley A. Mozzetti.

VAN CISE, Judge.

Defendant Ray Pizza (sign owner) owns a sign located adjacent to a state highway advertising his restaurant business in Alamosa. The owners of the land on which the sign is located are the defendants John R. and Beverley A. Mozzetti. Plaintiff, State Department of Highways (Department), commenced this action under the Outdoor Advertising Act (the Act), § 43–1–401, et seq., C.R.S.1973, to obtain an order requiring the sign owner to remove his sign for failure to renew and keep current his roadside advertising permit. At the close of the Department's case, the court dismissed the action and directed that the Department renew the sign owner's permit on his payment of $15. The Department appeals. We affirm.

The undisputed evidence is that a roadside advertising permit for this sign was originally issued by the Department in November 1970 for the year 1971. This permit was regularly renewed for the years 1972 through 1974. Applications for renewal were not submitted, and the $2.50 annual renewal fees were not paid, by the sign owner for the years 1975, 1976, and 1977.

As a result, the sum of $7.50 was due and owing the Department when in January 1977 it issued a notice to the sign owner that his "application for renewal" (sic) was not in compliance with § 43–1–415, C.R.S. 1973. It informed him that if the non-compliance was not corrected within 30 days, his "application for renewal" would be denied, his sign would become an illegal advertising device, and suit would be instituted to require removal of the sign.

The $7.50 was not paid and renewal application forms were not submitted within that period. However, as found by the trial court, in July 1977 the sign owner offered to pay $15 to the Department, which would have been more than enough to bring him to a current status. Correspondence between the parties through their respective attorneys continued for 18 months after July 1977, during which time the Department erroneously claimed non-renewal since 1971 and the sign owner, concerned over the confusing situation, sent his check for $20 to be applied to any back payments. The tender was refused, and, in January 1979, the Department filed the present action.

At the close of the Department's case, the trial court determined that since the Department "failed to use appropriate administrative discretion in this case, yet invoked the powers of the court to take appropriate action, the court will not fail to use appropriate judicial discretion." It then entered the order referred to above.

On appeal the Department's principal contention is that the trial court improperly applied the law in arriving at its result. We neither affirm nor reject the court's reasoning here. We arrive at the same result for different reasons. *Klipfel v. Neill,* 30 Colo.App. 428, 494 P.2d 115 (1972).

I.

Prior to its repeal and reenactment in 1981, and therefore during all periods pertinent to this case, the Act did not impose any sanctions for failure to apply for renewal of a permit. Therefore, the Department was not entitled to the relief sought in its complaint and the dismissal was proper.

The only provisions in the Act in effect at the time of this action that referred to renewals are contained in §§ 43–1–415(2), 43–1–416, and 43–1–417(5), C.R.S.1973. These pertain to the time, fee, and form for the application (§ 43–1–415(2)), and denials of applications for renewals (§§ 43–1–416 and 43–1–417(5)). Since there was no application for renewal, the sanctions and procedures contained in §§ 43–1–406 and 43–1–417, C.R.S.1973, are inapplicable to this case.

In 1981, the general assembly repealed and reenacted the Act. *See* § 43–1–401 et seq., C.R.S.1973 (1981 Cum.Supp.). In so doing, for the first time it included procedures applicable to failure to apply for renewal of a permit which, in turn, could conceivably lead to sanctions. Section 43–1–412(2)(b), C.R.S.1973 (1981 Cum.Supp.).

II.

Even if we assume, *arguendo,* that the original permit expired December 31, 1974, and that thereafter the owner was maintaining his sign without a permit and had failed to apply for a new permit, in violation of §§ 43–1–413(1) and 43–1–415(2), C.R.S.1973, under the circumstances of this case the trial court properly denied the Department's request for an order for removal of the sign.

Section 43–1–417(1), C.R.S.1973, provided that "[a]ny outdoor advertising device which does not conform to this part 4 shall be subject to removal, *as provided in this section.*" (emphasis supplied). Section 43–1–417(3) pertains to the situation where, as here under the assumption in the paragraph above, the sign owner has not applied for a

permit. But the Department erroneously proceeded under § 43–1–417(5), which applies where it has been determined that an *application for renewal* should be denied. As a result, the Department's January 1977 notice of noncompliance did not meet the notice requirements of § 43–1–417, which were prerequisites that had to be followed before the Department could take further action to have the sign removed.

The notice given was meaningless and served no purpose. In it, the Department told the owner that his "application for renewal" did not comply (when there was no such application), that the noncompliance was a failure timely to apply, that the noncompliance could "be corrected by supplying the items listed above" (and there were no "items listed above"), and that "if the noncompliance is not corrected within thirty days of receipt of this notice, [the] application for renewal will be denied without further notice" (but no such application had been made and there was no way in which a failure timely to apply could be corrected).

In view of this disposition of the appeal, we do not address the other contentions raised by the Department.

Judgment affirmed.

COYTE, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting:

I disagree with both the interpretation of the statutes involved by the majority and with its conclusions that inadequate notice had been given. I also disagree with the trial court's exercise of "judicial discretion" in not enforcing the statute regardless of the small amount of fee involved. Therefore, I respectfully dissent.

The statute in question is the "Outdoor Advertising Act." It is now codified as § 43–1–401, et seq., C.R.S.1973. When first adopted in 1965, it was codified as C.R.S. 1963, 120–5–1 et seq. The original version of the statute, C.R.S.1963, 120–5–6(I), required a permit for signs such as this. It also required payment of a permit fee.

While the statute has undergone numerous amendments, the requirement for payment of a fee and procurement of a permit has remained constant. The relevant sections pertaining to permits now are found at §§ 43–1–413 and 43–1–415, C.R.S.1973.

Similarly, the original statute provided in C.R.S.1963, 120–5–9(1), that the Department of Highways could "institute appropriate action or proceeding to prevent or remove [any] violation in any court of competent jurisdiction." Now § 43–1–417(1), C.R.S.1973, provides that "[a]ny outdoor advertising device which does not conform to this Part 4 shall be subject to removal, as provided in this section." Section 43–1–417(3)(a) pertains to an owner who has not applied for a permit as required. It provides that notice be sent as in other situations of non-compliance covered by that section, specifying in what respect the owner has failed to comply with the requirements of Part 4 of the Act. Upon failure to correct such condition within 30 days, a suit to require removal may be filed as was done in this case.

The power to require removal pervades the entire Outdoor Advertising Act. In § 43–1–406, C.R.S.1973, the maintenance of any advertisement in violation of any provision of the Act is declared to be illegal and the Department is authorized to institute an action to remove such violation, regardless of the nature of the violation. To deny the Department the power to seek removal of an offending sign, leaving it with a suit to collect fees as the sole enforcement device, is to nullify what is the clear intent of the General Assembly.

I also disagree with the majority's conclusion in Part II that the notice of non-compliance did not comport with the requirements of the statute. Under the facts of this case, it is not significant whether § 43–1–417(2)(a) or § 43–1–417(5)(a), C.R.S. 1973, applies. While the notice given the defendants by certified mail on January 19, 1977, may not be a model of clarity, nevertheless, it is difficult to see how the defendants could claim that they did not receive

adequate notice. Especially is this true because renewal application forms had been sent to the defendants for 1975 and 1976, and on September 24, 1976, a renewal form for the overdue years was sent together with a form for 1977 with instructions.

Finally, I would hold that the trial court erred in refusing to enforce the statute as written because of its belief that the small amount of fee involved, and defendants' belated efforts to pay, should have excused non-compliance. Nowhere in the statute has the General Assembly given such discretion to the judiciary, and we err in invading the province of the General Assembly by not applying the statute as written.

I would reverse the judgment and remand for trial.