**HART & TRINEN, Plaintiff-Appellee,**

v.

**SURPLUS ELECTRONICS CORPORATION, E. Neal Bonavia, and Michael J. Fingar, Defendants-Appellants.**

No. 84CA0266.

Colorado Court of Appeals, Div. I.

Nov. 21, 1985.

Hart & Trinen, Stephanie M. Smith, Denver, for plaintiff-appellee.

Burg & Wolfe, P.C., Thomas J. Young, Jr., Denver, for defendants-appellants.

PIERCE, Judge.

This is an appeal by defendants, Surplus Electronics Corporation (Surplus), E. Neal Bonavia (Bonavia), and Michael J. Fingar (Fingar), from a trial court order denying them recovery of attorney fees against the plaintiff, Hart & Trinen. We affirm.

Hart & Trinen's complaint in this action sought recovery of a contingency fee from defendants under a contract entered into by Hart & Trinen's predecessor with Surplus for work performed in prosecuting a collection claim against a debtor of Surplus. That contract was drafted by defendant Fingar who was Surplus' attorney. The complaint also named Bonavia as president of Surplus and as the party at whose direction Fingar had acted.

The complaint stated several claims for relief. At the end of plaintiff's case, the trial court granted defendants' motions dismissing Fingar and Bonavia from all claims, save one, as to Surplus.

Final judgment was entered against Surplus in favor of Hart & Trinen on the contract. No awards of attorney fees were made in that judgment. Subsequently, defendants Fingar and Bonavia filed a motion for attorney fees pursuant to Colo.Sees. Laws 1977, ch. 189, § 13–17–101, et seq., at 796. That motion was denied. In its order the court stated:

"The Court finds that certain of plaintiff's claims against defendant Surplus Electronics Corp. were frivolous and that plaintiff's claim against individual defendants was frivolous; and the Court further finds that certain portions of defendant's defense at trial were frivolous. Accordingly, both plaintiff's and defendant's Motion for Attorney Fees is hereby denied."

I.

Relying on *Morton v. Allied Stores Corp.*, 90 F.R.D. 352 (D.Colo.1981), Bona-

via and Fingar argue that the trial court's finding that the claims against them were frivolous mandates an award of attorney fees under the applicable statute. We do not agree with the federal court's interpretation of this statute.

■ The version of § 13–17–101(3) applicable here states: "The court shall not award attorney fees ... unless it finds that the bringing, maintaining or defense of the action against the party entitled to such award was frivolous or groundless." The converse, however, is not necessarily true. The statute does not state that upon a finding of frivolous or groundless the court shall award attorney fees. Such mandatory affirmative court action is not required.

Also, § 13–17–101(3) of the applicable statute does not negate § 13–17–101(1) of that statute. Although subsection (1) requires an award of reasonable attorney fees in suits involving money judgments, it is tempered by § 13–17–102 of the statute, which grants discretion to the trial court in determining whether attorney fees are to be awarded and as to the amount thereof. Reading the statute as a whole, we conclude the discretionary provision of the statute also tempers subsection (3). *See R & F Enterprises, Inc. v. Board of County Commissioners*, 199 Colo. 137, 606 P.2d 64 (1980). Therefore, the trial court was imbued with the discretion to rule on the award of attorney fees.

In a normal case, the trial court would make a finding as to whether a claim is frivolous, stating its reasons for the findings, and it would then exercise its discretion as to an award of attorney fees. Here, however, an examination of the record convinces us that the trial court's finding that certain claims were frivolous is not supported.

■ A claim is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984). This

test does not apply to meritorious actions that only prove unsuccessful. *Western United, supra; Torres v. Portillos,* 638 P.2d 274 (Colo.1981).

Here, the dismissed claims are founded on a telephone conversation and subsequent events between Trinen and Fingar concerning payment to Hart & Trinen for their fees from the judgment received in the action against the debtor. These claims were also based on Fingar's and Bonavia's status as agents for Surplus. As a result, there was a rational basis grounded in law and evidence for these claims. Therefore, the trial court's finding that these claims were frivolous is not sustainable. Also, the findings regarding frivolity made by the trial court are insufficient to sustain its conclusion that the claims were frivolous.

Accordingly, although we reject its reasoning, we conclude that the trial court's denial of an award of attorney fees was correct because there was no basis for a ruling that the claims were frivolous. *See Klipfel v. Neill,* 30 Colo.App. 428, 494 P.2d 115 (1972).

The remaining contention raised by Surplus lacks merit.

The order is affirmed.

KELLY and BABCOCK, JJ., concur.