Ronald **PIETRAFESO,**
**Plaintiff–Appellant,**
**Cross–Appellee,**

v.

**D.P.I., INC., a Colorado corporation, d/b/a the Denver Post, Jack Taylor, Neil Westergaard, Carl Miller, Sharon Sherman, Chuck Green, and Will Jarrett, Defendants–Appellees, Cross–Appellants,**

v.

**Thomas W. LAMM and Philip Lowery, P.C., Cross–Appellees.**

No. 86CA0176.

Colorado Court of Appeals, Div. VI.

May 19, 1988.

Roath & Brega, J. Stephen McGuire, Denver, Tegtmeier & Sears, P.C., Richard L. Tegtmeier, Colorado Springs, for plaintiff-appellant and cross-appellee.

Gibson, Dunn & Crutcher, George B. Curtis, David Schieferstein, Denver, for defendants-appellees and cross-appellants The Denver Post, Jack Taylor, Neil Westgaard, Carl Miller, Sharon Sherman, Chuck Green and Will Jarrett.

Gorsuch, Kirgis, Campbell Walker and Grover, Michael J. Wadle, Cynthia C. Eidnes, Denver, for cross-appellee Thomas W. Lamm.

Wood, Ris & Hames, P.C., F. Michael Ludwig, Rita Valentino Capraro, Denver, for cross-appellee Philip Lowery, P.C.

SILVERSTEIN, Judge.*

Plaintiff, Ronald Pietrafeso, appeals a summary judgment dismissing his libel action against D.P.I., Inc., a Colorado corporation doing business as The Denver Post, and certain of its editors and reporters, Jack Taylor, Neil Westergaard, Carl Miller, Sharon Sherman, Chuck Green, and Will Jarrett (The Denver Post). The Denver Post cross-appeals the trial court's order denying its motion for attorney fees. We affirm the judgment and the order on attorney fees.

### A.

#### The Plaintiff's Appeal

In his complaint, plaintiff alleged that during an eight month period in 1982 the defendants published ninety-four articles which asserted that: (1) Michael Howard (former Rocky Mountain News Editor) was a cocaine addict during the 1970's; (2) Pietrafeso was employed by Howard as a body-

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

guard while Howard was a heavy cocaine user; (3) during that period of employment Pietrafeso received $5,500 in cash or gifts from Howard; and (4) while employed by Howard, Pietrafeso was chief narcotics detective for the Colorado Organized Crime Strike Force.

Plaintiff further alleged that the statements were false and were published with actual malice. He also alleged that the articles falsely insinuated to the public that while a member of the strike force he was "guilty of dereliction of his duties or was being paid off to look the other way while ... Michael Howard was engaged in the illicit use of cocaine." Also, he claimed he was defamed by innuendo and repetition, and asked for damages.

Defendants filed a motion for summary judgment, and both sides filed voluminous affidavits, depositions, and other documents and briefs. Based on this documentary evidence the court granted the motion.

The trial court determined that plaintiff had the burden of proving his allegations by clear and convincing evidence and that he had failed to do so. It found that the statements were true or substantially true, and were published without malice. Also, it found that Pietrafeso was a public figure, and that the subject matter of the publications was of public concern. The court then ruled that repetition of truth cannot be libel, and that there can be no libel by innuendo if the publication is true, is published without malice, and concerns public officers and public affairs.

On appeal, plaintiff does not contest the correctness of the trial court's findings that the statements were true and published without malice, and that plaintiff was a public figure and that the matter was of public concern. He does contend that the trial court erred: (1) in applying a clear and convincing standard of proof in considering a motion for summary judgment; (2) in ruling that a public official cannot be defamed by insinuation or innuendo; and (3) in ignoring the meaning of the statements in their entirety and in the resulting innuendo and basing its decision on the finding

that each separate charge was true or substantially true.

## I.

## STANDARD OF PROOF

Plaintiff contends that the trial court erred in requiring him to establish his allegations by "clear and convincing" evidence in ruling on the motion for summary judgment. We disagree.

█ In support of this contention, plaintiff cites cases from other jurisdictions. However, in Colorado the "clear and convincing" standard applies in determining a motion for summary judgment in libel actions brought by a public official or public figure.

*DiLeo v. Koltnow,* 200 Colo. 119, 613 P.2d 318 (1980), is a libel action brought by a public official (police officer) in which the Supreme Court stated:

"A public official or public figure must prove actual malice by 'convincing clarity' in order to recover damages resulting from a defamatory statement.... The United States Supreme Court has used the standard of proof by 'clear and convincing evidence' interchangeably with that of 'convincing clarity.' ... This standard of proof applies equally at the summary judgment stage of judicial proceedings in this type of case."

This case is controlling here. As noted above, in this appeal plaintiff does not contend that the statements were false, nor that they were published with malice. We find no error in the trial court's ruling on the standard of proof. *See Fink v. Combined Communications Corp.,* 679 P.2d 1108 (Colo.App.1984).

## II.

## DEFAMATION BY INNUENDO

The trial court ruled that "there can be no libel by innuendo if the challenged communication is true and concerns public officers and public affairs *even though* a false *impression* may reasonably be drawn by the public." (emphasis in original) Plaintiff contends this was error. We disagree.

**1116**

We find no Colorado case directly in point. The cases relied on by plaintiff are inapposite. *Morley v. Post Printing & Publishing Co.*, 84 Colo. 41, 268 P. 540 (1928) and *Knapp v. Post Printing & Publishing Co.*, 111 Colo. 492, 144 P.2d 981 (1943) are no longer applicable in that they were decided several years before the constitutional protection of the press in libel actions involving public figures was formalized in *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and its progeny.

Further, *Kuhn v. Tribune–Republican Publishing Co.*, 637 P.2d 315 (Colo.1981) is not applicable because there the defamatory statements were found to be false, thus depriving the newspaper of constitutional protection. Also inapposite is *Burns v. McGraw–Hill Broadcasting Co.*, 659 P.2d 1351 (Colo.1983). There the plaintiff was a private individual, and the defamatory statement (that plaintiff had "deserted" her husband) was fact-oriented and was proven to be false in the light of material facts not included in the publication. Material facts are "facts which, if reported, would have changed the tone of the article." *Strada v. Connecticut Newspapers, Inc.*, 193 Conn. 313, 477 A.2d 1005 (1984). Here, plaintiff does not contend that any material facts were omitted from the articles.

Plaintiff also relies on *Tavoulareas v. Washington Post Co.*, 759 F.2d 90 (D.C.Cir. 1985). However, that opinion was withdrawn, 763 F.2d 1472 (D.C.Cir.1985), and the case was submitted to the court *en banc*, which, by a new opinion reported at 817 F.2d 762 (D.C.Cir.1987), reached a result contrary to that relied on by plaintiff. (*Cert. denied* — U.S. —, 108 S.Ct. 200, 98 L.Ed.2d 151 (1987).

Since we find no Colorado case in point, we turn to other jurisdictions that have ruled on this issue for guidance. These jurisdictions have uniformly held that if the statements are true, or substantially true, and there are no undisclosed material facts in an action involving a public figure, there can be no libel by innuendo.

In *Strada v. Connecticut Newspapers, Inc., supra*, it is stated:

"In the absence of such undisclosed facts, first amendment considerations dictate that an article concerning a public figure composed of true or substantially true statements is not defamatory regardless of the tone or innuendo evident."

To the same effect is *Schaefer v. Lynch*, 406 So.2d 185 (La.1981) in which the court held that:

"[T]ruthful statements which carry a defamatory implication can be actionable. However, that is only true in the case of private citizens and private affairs. Even false statements about public officials are constitutionally protected unless known to be false or printed with a reckless disregard for truth. *New York Times v. Sullivan*. It surely follows that all truthful statements are also constitutionally protected. Even though a false implication may be drawn by the public, there is no redress for its servant. Where public officers and public affairs are concerned, there can be no libel by innuendo." *See Mihalik v. Duprey*, 11 Mass.App. 602, 417 N.E.2d 1238 (1981).

Public officers run the "risk of closer public scrutiny than might otherwise be the case." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). Thus, "any article replete with snide innuendos can be hurtful to a subject ... But if he is a public figure, then he must bear the risk of such publicity...." *Reliance Insurance Co. v. Barron's*, 442 F.Supp. 1341 (S.D.N.Y.1977).

We adhere to this reasoning and hold that the trial court did not err in concluding as a matter of law that, if the allegedly libelous statements are true, there can be no libel by innuendo of a public figure.

### III.

In view of our above ruling, plaintiff's third contention becomes moot.

## B.

### *Defendant's Cross-Appeal*

Following the entry of summary judgment, defendants moved for attorney fees pursuant to C.R.C.P. 11 and Colo. Sess. Laws 1977, ch. 183, § 13–17–101, et seq., as in effect in 1983, the year this action was commenced. The trial court denied the motion, and defendants assert this was error. We affirm.

## I.

### THE RULE 11 ISSUE

C.R.C.P. 11 provides, in pertinent part: "The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.... For a willful violation of this Rule an attorney may be subjected to appropriate punishment ... and the court may also direct him to pay to the other party reasonable attorney's fees...."

Defendants contend that the plaintiff's then attorneys knew, or should have known, that there was no "good ground" to support the complaint when it was filed. We disagree.

Here, the principal issue raised by plaintiff was whether a public officer could be defamed by innuendo even though the published allegations were true. At the time the action was commenced, and throughout the proceedings in the trial court, there was no Colorado decision directly in point. Further, the principal case relied on by the defendants, *Strada v. Connecticut Newspapers, Inc., supra,* was not decided until more than a year after the complaint was filed. Moreover, since this court was not bound by that decision, plaintiff's attorneys were properly entitled to pursue the issue. *See Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984); *Ace Title Co. v. Casson Construction Co.,* 755 P.2d 457 (Colo. App.1988).

## II.

### THE STATUTE ISSUE

Colo.Sess. Laws 1977, ch. 189, § 13–17–101, et seq., provides that a court, in proper circumstances, may charge a portion of attorney fees "to any party whether or not there was a money judgment rendered against such party." Section 13–17–101(3) of that statute provides:

"The court shall not award attorney fees among the parties unless it finds that the bringing, maintaining, or defense of the action against the party entitled to such award was frivolous or groundless. The court must make findings either affirmative or negative as to the matters set forth in this subsection (3)."

Here, the trial court made the necessary findings and concluded that "plaintiff's action, while marginal, was not groundless or frivolous."

Colo.Sess. Laws 1977, ch. 189, § 13–17–102, sets forth the factors to be taken into consideration in determining whether the action was frivolous or groundless. Such factors include: (1) the extent of efforts made to determine the truth of the claim before making such claim or during pretrial; (2) whether the party has prosecuted the claim in bad faith or abused the procedures set forth in the Colorado rules of civil procedure; and (3) whether the evidence of issues of fact was conflicting.

Defendants contend that there was no conflicting evidence relative to the truth of the published statements in that prior to bringing the action, plaintiff had admitted that he was a police officer, that he was employed as a bodyguard for Howard, that he was a public official, and that the subject matter of the statements was of public concern. They further assert that plaintiff acted in bad faith and abused the procedural rules by failing to concede, in response to defendants' request for admissions, that the above facts were true. They urge that, therefore, the trial court erred in not granting their motion for attorney fees.

In considering this issue, we must first determine whether the record supports the trial court's finding that the action was not

frivolous or groundless. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984).

As set forth above, plaintiff presented a justiciable issue. Also, a review of the record discloses that the action was not pursued in bad faith, and that there was no substantial abuse of procedural rules. The abuses that did occur by both parties were punished by sanctions consisting of the imposition of attorney fees against both parties. The trial court also specifically ruled that plaintiff had appropriately responded to defendants' request for admissions. Thus, the record supports the trial court's determination that the action was not frivolous or groundless, and was properly pursued. Hence, the motion for attorney fees was properly denied.

Also, we note that, inasmuch as the trial court found that the action was "marginal," even if it had been determined to be frivolous or groundless, the trial court would not have been compelled to grant attorney fees, that being a discretionary matter within the purview of the trial court. *See Hart & Trinen v. Surplus Electronics Corp.,* 712 P.2d 491 (Colo.App. 1985).

The summary judgment and the order denying the motion for attorney fees are affirmed.

STERNBERG and TURSI, JJ., concur.