The PEOPLE of the State of Colorado, Appellant,

In the Interest of Rachel LAMB, Obligee–Appellant,

v.

Russell Leroy LARGE, Obligor–Appellee.

No. 87CA0118.

Colorado Court of Appeals, Div. V.

Aug. 18, 1988.

Robert R. Gallagher, Jr., Dist. Atty., Catherine P. Adkisson, Chief Deputy Dist. Atty., Littleton, for appellant.

No appearance for obligor-appellee.

PLANK, Judge.

The People appeal from a trial court order assessing attorney fees against the Arapahoe County District Attorney's Office. We reverse.

This action was brought against Russell Large (obligor) pursuant to the Revised Uniform Reciprocal Enforcement of Support Act, § 14–5–101, et seq., C.R.S. (1987 Repl.Vol. 6B). The action was dismissed after blood tests excluded the obligor as the father of the child for whom support was sought. Subsequently, the court found that the action was substantially groundless and frivolous, but that the individual deputy district attorneys who prose-

cuted it were not at fault. As a result of this conclusion, it entered an order awarding obligor $500 for attorney fees pursuant to § 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A) and requiring the Arapahoe County District Attorney's Office to pay the fees.

In challenging the award of attorney fees, the People argue that the action was pursued as required by law, and since the court did not find fault with any of the individual deputy district attorneys involved in the matter, it was improper to impose any fees upon the district attorney's office. We agree.

There is no support for the trial court's finding that the action was substantially groundless and frivolous. *See Western United Realty, Inc. v. Issacs,* 679 P.2d 1063 (Colo.1984). The obligor was the husband of the child's mother when the child was conceived and born. The obligee, the child's maternal grandmother, knew that the child's mother had visited the obligor around the time the child was conceived. The obligor, himself, delayed denying parentage during the proceedings. Furthermore, certain documentation that may have put the deputy district attorneys on notice that obligor might not be the father were difficult to obtain from the Ohio court, arrived late in this case, and were ambiguous as to their meaning and effect.

The People had a duty to pursue this case until provided with sufficient evidence that the obligor was not the child's natural father. *See* § 14–5–119(2) and § 14–5–128, C.R.S., (1987 Repl.Vol. 6B). The People promptly dismissed the case once conclusive blood test results established the obligor was not the child's father. Accordingly, the order granting attorney fees is not sustainable. *See Hart & Trinen v. Surplus Electronics Corp.,* 712 P.2d 491 (Colo. App.1985).

The order is reversed.

VAN CISE and FISCHBACH, JJ., concur.